# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ INC. and RAREGEN, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED THERAPEUTICS CORP. and SMITHS MEDICAL ASD, INC.<br><br>*Defendants*. | Case No. 19-cv-10170-BRM-LHG<br><br>**PLAINTIFFS' SUPPLEMENTAL EVIDENCE IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION**<br><br>**Oral Argument Requested**<br><br><br><br>Document electronically filed |

The Stipulated Amended Scheduling Order ("Order") contemplates that after each side submits its pre-hearing brief, the Court will "set a hearing date for the [] preliminary injunction motion at its earliest date after October 25, 2019." ECF No. 103, Paragraph 5a. In connection with that contemplated hearing, Paragraph 4a of the Order provides: "Plaintiffs may supplement their list of materials [in support of their position on the preliminary injunction] within seven days of receiving Defendants' pre-hearing brief to include a limited number of exhibits or additional deposition testimony solely to rebut materials identified in Defendants' pre-hearing brief."

Plaintiffs therefore respectfully submit the following points to supplement the record supporting their Motion for a Preliminary Injunction, ECF No. 106, and rebut the materials proffered by Defendants in support of their pre-hearing brief, ECF No. 122.  To avoid burdening the Court in advance of the hearing, Plaintiffs have not attempted to rebut every erroneous statement in Defendants' pre-hearing brief, and Plaintiffs' silence with respect to any particular statement should not be construed as a concession regarding its validity.

1. Appendix A identifies evidence to rebut materials proffered by Defendants in support of their pre-hearing brief.

2. Appendix B identifies Plaintiffs' counter-designations to deposition testimony designated by Defendants in support of their pre-hearing brief.

3. For the convenience of the Court, Plaintiffs attach to this submission as Exhibits AAA–XXX excerpts of deposition transcripts that consolidate all of the parties' designations and counter-designations in a single exhibit for each witness. Plaintiffs' affirmative designations are highlighted in yellow; Defendants' affirmative designations are highlighted in blue; Defendants' counter-designations are highlighted in green; and Plaintiffs' counter-designations are highlighted in pink. Where there is overlap, multiple colors show in the left-hand margin next to the designated text.  The attached excerpts also correct errors in the deposition annotations offered by Defendants, which omitted certain designations made by

Plaintiffs, and in other instances, erroneously designated testimony that Plaintiffs did not designate in support of their Motion.

4. In their pre-hearing brief, Defendants asserted evidentiary objections to the materials Plaintiffs proffered in support of their Motion. Those objections are inappropriate and invalid. It is well-established that evidence that might otherwise be inadmissible may be considered by the Court when it rules on a motion for a preliminary injunction. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (holding that "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," and that "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings"); *Startrak Sys., LLC v. Hester*, 2007 WL 2705159, at *8–9 (D.N.J. Sept. 13, 2007) (same); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 173 (D.N.J. 1988) ("I accepted all evidence mindful that hearsay materials and evidence other than live testimony are properly considered by the Court in preliminary injunction proceedings."); *RB ex rel. Parent v. Mastery Charter Sch.*, 762 F. Supp. 2d 745, 747 (E.D. Pa. 2010) ("Courts have consistently held that the Federal Rules of Evidence do not apply at preliminary injunction hearings.").

Dated: November 1, 2019　　　　Respectfully Submitted,

*/s/ Jenny Kramer*

ALSTON & BIRD, LLP
Jenny Kramer (NJ Bar No. 014372001)
90 Park Avenue, 15th Floor
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
jenny.kramer@alston.com
Michael P. Kenny (*pro hac vice*)
Matthew D. Kent (*pro hac vice*)
Allison S. Thompson (*pro hac vice*)
Jonathan D. Parente (*pro hac vice*)
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
matthew.kent@alston.com
allison.thompson@alston.com
jonathan.parente@alston.com

***Attorneys for Plaintiff Sandoz Inc.***

*/s/ Thomas D. Pease*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Thomas D. Pease (NJ Bar No. 055421994)
Peter E. Calamari (*pro hac vice*)
Heather K. Christenson (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
thomaspease@quinnemanuel.com
petercalamari@quinnemanuel.com
heatherchristenson@quinnemanuel.com

4

Ethan C. Glass (*pro hac vice*)
Michael D. Bonanno (*pro hac vice*)
Matthew K. Wasserman (*pro hac vice*)
Samantha T.Z. Scanlan (*pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005-3314
Tel: (202) 538-8000
Fax: (202) 538-8100
ethanglass@quinnemanuel.com
mikebonanno@quinnemanuel.com
matthewwasserman@quinnemanuel.com
samanthascanlan@quinnemanuel.com

***Attorneys for Plaintiff RareGen, LLC***
