quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7223**

WRITER'S EMAIL ADDRESS
**thomaspease@quinnemanuel.com**

November 6, 2019

<u>VIA ECF</u>

Hon. Brian Martinotti
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Sandoz Inc. and RareGen, LLC v. United Therapeutics Corp. and Smiths Medical ASD, Inc.*, Civ. No. 3:19-cv-10170 (BRM) (LHG)

Dear Judge Martinotti:

I write on behalf of Plaintiff RareGen, LLC ("RareGen") in connection with Defendants' Motion for Sanctions ("Mot."), ECF No. 113, to alert the Court that a press outlet, MLex, today published an online article (behind a paywall) concerning the parties' preliminary injunction briefing, including Plaintiffs' unredacted brief ("Br."), ECF No. 106.

RareGen initially filed the Brief on October 4 at or around 6:35 pm.  The Brief was inadvertently filed on the public docket.  RareGen filed a letter to alert the Court, as Defendants demanded, ECF No. 113, and the Brief was placed under seal early the following morning.  RareGen is not aware of the initial filing receiving any press coverage.  In the days that followed, in response to a request from Defendants, RareGen contacted several organizations that had downloaded the Brief while it was on the public docket and asked them to delete it.  They all complied.  *See* RareGen's Opp'n at 8, ECF No. 139.

On October 15, Defendants moved for sanctions against Plaintiffs for inadvertently violating the parties' Stipulated Confidentiality Order, ECF No. 55.  In their Motion, Defendants characterized the Brief as highly sensitive, stating that the "release of this information is irreversible and significant," and claimed that it revealed Defendants' pricing and market share information, competitive strategies, and information concerning confidential negotiations.  Mot. at 8–9.  As RareGen pointed out in its Opposition, most, if not all, of the information Defendants designated for protection under the Stipulated Confidentiality Order does not meet the applicable standard for sealing judicial records.  RareGen's Opp'n at 14–16.  Despite the claimed sensitivity of the information, Defendants chose to file their Motion on the public docket and it was covered by the press.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

On October 31, RareGen identified a copy of the Brief that had been downloaded by MLex and posted on MLex's website (behind a paywall).  Pursuant to its pledge to Defendants, counsel for RareGen contacted MLex that same day and asked it to remove the Brief from its website.  On November 4, MLex responded, refusing to pull down the Brief.  On November 5, counsel for RareGen held a call with the Managing Editor of MLex, again asking MLex to remove the Brief from its website.  He refused, and shortly thereafter indicated that MLex intended to move forward with an article concerning the preliminary injunction briefing that would reference the contents of the Brief.  RareGen then contacted Defendants to inform them of the possibility that an article would be published that contained designated information.

During the past 24 hours, RareGen has tried to persuade MLex not to publish the article, including by contacting senior executives at MLex's parent company, LexisNexis, and through direct calls with the reporter writing the article.  RareGen has learned from the published article that counsel for Defendant United Therapeutics Corp. also tried to persuade MLex not to publish the article.  None of those efforts were successful.  The article was published by MLex this evening, including on-the-record quotes from both Defendants.  Although this is an unfortunate outcome, RareGen respectfully submits that absent Defendants' demands, the public filing of Defendants' Motion, and the additional attention it received, the Brief is unlikely to have received any attention until the Court rendered its final decision with respect to sealing.

RareGen will provide additional updates to the Court in the event new information emerges.

Respectfully submitted,

*/s/ Thomas D. Pease*
Thomas D. Pease

cc: All counsel of record (via ECF)