**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky
Adrienne C. Rogove
New Jersey Resident Partners
Michael R. Darbee
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Orlofsky@BlankRome.com
Rogove@BlankRome.com
MDarbee@BlankRome.com

**WILLIAMS & CONNOLLY LLP**
Edward J. Bennett *(pro hac vice)*
Edward C. Barnidge *(pro hac vice)*
Jonathan B. Pitt *(pro hac vice)*
C. Bryan Wilson *(pro hac vice)*
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5083
Facsimile: (202) 434-5029
EBennett@wc.com
EBarnidge@wc.com
JPitt@wc.com
BWilson@wc.com

*Attorneys for Defendant*
*United Therapeutics Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDOZ INC. AND RAREGEN, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED THERAPEUTICS CORPORATION AND SMITHS MEDICAL ASD, INC.,<br><br>Defendants. | Civil Action No. 3:19-cv-10170-BRM-LHG<br><br>**Honorable Brian R. Martinotti, U.S.D.J.**<br><br>**Return Date: November 18, 2019**<br>*Oral Argument Requested* |

**UNITED THERAPEUTICS CORPORATION AND SMITHS MEDICAL ASD, INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiffs' November 4 Opposition blithely declares that Plaintiffs' wrongful disclosure was corrected within hours with no harm whatsoever to Defendants. At the same time they filed that brief, Plaintiffs were concealing a critical fact from Defendants and the Court: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As a result, Defendants have suffered harm the Stipulated Confidentiality Order was designed to prevent. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In their November 6 letter to the Court, Plaintiffs contend that Defendants brought this result upon themselves by seeking to enforce the Court's order. This victim-shaming is not a defense of their conduct, but it is all Plaintiffs have left.

On these facts, Defendants' case for sanctions could not be more straightforward. Plaintiffs publicly filed Defendants' confidential material in violation of the Court's order. Plaintiffs then failed to remediate that wrongful disclosure, foisting the burden on Defendants. Throughout this episode, Plaintiffs

2

have engaged in a pattern of delay and concealment: first failing to inform Defendants of the breach (Defendants had to contact Plaintiffs) and then ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As a result, Defendants have been forced to expend valuable time and resources to mitigate the harm stemming from Plaintiffs' conduct, much of which is still unfolding. Plaintiffs and their counsel should be sanctioned for exposing Defendants' confidential information and then shirking their ongoing duty to secure that information.

## FACTS IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL LETTER BRIEF

Recent developments underscore the Plaintiffs' mindset towards their unacceptable behavior. On November 4, 2019, Plaintiffs filed their opposition to Defendants' sanctions motion. Dkt. Nos. 139, 145. Accompanying the opposition were nineteen pages of sworn declarations, purporting to describe the relevant timeline and facts, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████  

██████████ Exhibit B at 11/1/2019 3:17.

As with Plaintiffs' initial breach of the protective order, Defendants immediately went to work to mitigate the publication of their confidential information. ████████████████████████████

████████████████████████████████████

███████████████████████████████████

████████████████████████ Exhibit D at 11/6/2019 5:26 P.M.

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████████ Plaintiffs have offered no explanation why they waited nearly a week to inform Defendants or the Court, or why they made no mention of these facts in their opposition papers.  Instead, Plaintiffs' opposition represented to the Court that their wrongful disclosure had been "corrected" "within hours" and that they had "caused no harm to Defendants."  Dkt. No. 139 at 1; *see also* Dkt. No. 145 at 1 (incorporating RareGen's opposition brief by reference). ████████████████████████████████

4

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

## ARGUMENT

I. **Rule 37(b) Sanctions Are Warranted**

Plaintiffs' conduct easily satisfies the standard for imposing sanctions under Rule 37(b). As a threshold matter, Plaintiffs try to duck responsibility by arguing that Rule 37(b) is inapplicable as a matter of law. Dkt. No. 139 at 9–10. Contrary to Plaintiffs' contention, courts in the Third Circuit and beyond routinely impose sanctions under Rule 37(b) for negligent or inadvertent violations of protective orders, including confidentiality orders. *See, e.g.*, *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, 2018 WL 2414984, at *1–4 (E.D. Pa. May 29, 2018) (Rule 37(b) sanctions, including attorneys' fees, for a purportedly inadvertent violation of a confidentiality order); *York Grp., Inc. v. Pontone*, 2014 WL 3811014, at *7–8 & n.7, *12 (W.D. Pa. Aug. 1, 2014) (contempt under Rule 37(b) for purportedly inadvertent disclosure of confidential information); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (Rule 37(b) sanctions for a law firm's inadvertent dissemination of confidential information, including attorneys' fees for litigating the violation); *Sound View Innovations, LLC*

*v. Hulu, LLC*, 2018 WL 6038288, at *2–3 (C.D. Cal. July 23, 2018); *Clearly Food & Beverage Co., Inc. v. Top Shelf Beverages, Inc.*, 2015 WL 1263338, at *1–3 (W.D. Wash. Mar. 18, 2015); *Bead Filters Int'l, LLC v. Mills*, 2009 WL 3837863, at *1–3 (W.D. Tex. Nov. 12, 2009).

The cases cited by Plaintiffs for the proposition that Rule 37 does not apply to inadvertent protective order violations are inapposite. *See* Dkt. No. 139 at 9–10. Most of the cases do not address a motion for sanctions under Rule 37(b). *See Lookout Windpower Holding Co., LLC v. Edison Mission Energy*, 2011 WL 13238016, at *2–3 (W.D. Pa. Feb. 22, 2011) (civil contempt outside Rule 37(b) context); *Vidal v. Experian Info. Sols., Inc.*, 2005 WL 281200, at *1 (E.D. Pa. Feb. 3, 2005) (no sanctions motion pending); *Saunders v. Vinton*, 554 F. App'x 36, 39 (2d Cir. 2014) (Fed. R. App. P. 46(c)); *Oneida Indian Nation v. Cty. of Oneida*, 802 F. Supp. 2d 395, 400–01 (N.D.N.Y. 2011) (Fed. R. Civ. P. 12(f) and 37(c)).

The Rule 37(b) cases that Plaintiffs do cite each recognized that sanctions could apply for protective order violations but declined to impose them because their facts involved a far less serious protective order violation, a request for sanctions far greater than sought here, or both. *See Perez v. Corpus Christi Indep. Sch. Dist.*, 2018 WL 1518556, at *9 (S.D. Tex. Mar. 28, 2018) (declining to strike summary judgment response but recognizing that sanctions are available to enforce protective order); *Youngevity Int'l, Corp. v. Smith*, 2019 WL 1542300, at *6, 14–

6

16 (S.D. Cal. Mar. 9, 2019) (declining to grant dismissal and evidentiary sanctions but recognizing applicability of Rule 37(b)); *Philpot v. Microbilt Corp.*, 2018 WL 834619, at *7 (W.D. Ky. Feb. 12, 2018) (declining to impose Rule 37(b) sanctions but recognizing their applicability).

Plaintiffs' reliance on the Eleventh Circuit's decision in *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305 (11th Cir. 2001) to argue that Rule 37 does not apply to protective order violations also falls short. Dkt. No. 139 at 12. The Fifth Circuit has expressly rejected *Lipscher*'s reasoning, *see Cooper Tire*, 685 F.3d at 489, and courts within the Third Circuit have implicitly rejected it, *see Grant Heilman,* 2018 WL 2414984, at *2–5; *York Grp.*, 2014 WL 3811014, at *9–10, *12. Even under the Eleventh Circuit's narrow application of Rule 37(b), the Stipulated Confidentiality Order is "an order to provide or permit discovery" because it governs how discovery is to be treated. *See Cooper Tire*, 685 F.3d at 489–90. Rule 37(b) sanctions are available and justified for Plaintiffs' violation of the Stipulated Confidentiality Order, and Plaintiffs should be sanctioned under that rule.

### A. Imposing Sanctions on Plaintiffs Is Just

Plaintiffs implicitly concede that their failure to abide by the Court's order was not "substantially justified." Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs only argue that "other circumstances make an award of expenses unjust." *Id.*; *see* Dkt. No.

7

139 at 13. Specifically, Plaintiffs cite out-of-circuit precedent for the proposition that the presence of good faith may be a consideration in determining whether imposing sanctions would be unjust. Dkt. No. 139 at 13 (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994)). In the Third Circuit, good faith is not a defense to sanctions under Rule 37(b). *See York Grp.*, 2014 WL 3811014, at *5 (citing *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 2004)).

Even if such a consideration were permitted, Plaintiffs did not attempt to comply with the Stipulated Confidentiality Order in good faith. The order imposes a duty on the attorneys of record to employ "reasonable measures to control, consistent with the Confidentiality Order, duplication of, access to, and distribution of Protected Information." Dkt. No. 55 ¶ 34. Plaintiffs repeatedly failed to do so. *See infra* Part II.B. █████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████
██████████████████████
████████████

Defendants should not have to bear expenses reasonably incurred to address and remediate Plaintiffs' wrongful conduct. To decide otherwise would turn a foundational principle of equity on its head: as between an innocent party and a

8

negligent party, the loss should fall on the negligent party. *See, e.g.*, *Fordham v. Oldroyd*, 171 P.3d 411, 416 (Utah 2007); *Sepega v. DeLaura*, 167 A.3d 916, 920 (Conn. 2017). The Court should not countenance Plaintiffs' pattern of noncompliance and should impose Rule 37(b) sanctions to penalize Plaintiffs and their attorneys, the culpable parties.

### B. Defendants Have Suffered Harm

It is Plaintiffs' burden to show the harmlessness of their violation. *See Pfizer Inc. v. Teva Pharm. USA, Inc.*, 2006 WL 2938723, at *4 (D.N.J. Oct. 13, 2006) ("The burden is on the party facing sanctions to prove that the violation was justified or harmless."); Fed. R. Civ. P. 37, 1970 Advisory Comm. Notes to Rule 37(b); *but see* Dkt. No. 139 at 14. Nevertheless, Defendants have suffered harm at Plaintiffs' hands by being forced to incur attorneys' fees and costs to mitigate the proliferation of Defendants' confidential information. Defendants would not have incurred these fees and costs but for Plaintiffs' carelessness. In addition, Defendants had to divert resources away from preparing their opposition to Plaintiffs' motion for a preliminary injunction to address the wrongful disclosure.

Defendants' harm persists. ███████████████████

███████████████████

███████████████████

9

█████████████████████

Defendants did exactly what a party with confidential proprietary information should do upon learning of an unauthorized disclosure—they sought to safeguard the information as best as possible under the circumstances. *See* Exhibit C; *see also Howmedica Osteonics Corp. v. Zimmer, Inc.*, 2012 WL 5554543, at *9 (D.N.J. Nov. 14, 2012) (efforts to maintain secrecy essential to invoking trade secret protection). It is absurd for Plaintiffs to blame Defendants when fault rests plainly and entirely on Plaintiffs' shoulders. Their carelessness with Defendants' confidential information and recent tactical delay caused Defendants' continued harm. To willfully keep Defendants in the dark about these issues for nearly a week and then blame them for the resulting harm is shameless.

Plaintiffs argue that Defendants have suffered no harm because most of the confidential information in Plaintiffs' brief is not properly sealable by the Court. As an initial matter, Plaintiffs acknowledge that the information disclosed by Plaintiffs is protected by the confidentiality order. *See* Dkt. No. 121-6 at 9. And, as described in Defendants' initial sanctions papers, Dkt. No. 121-1 at 9, Plaintiffs' unredacted brief contains trade secret and other information that meets the sealing standard.

Plaintiffs do not seriously contest that point. Plaintiffs do not argue that *all* of Defendants' disclosed confidential information would fail to meet the sealing

10

standard. As a result, Plaintiffs implicitly concede that their brief *does include* information that would satisfy the sealing standard. Plaintiffs' improper disclosure of that material therefore harms Defendants and properly subjects Plaintiffs to sanctions.

## II. Sanctions Are Warranted under the Court's Inherent Authority

In the circumstances present here, the Court also may impose sanctions pursuant to its inherent authority. Plaintiffs imply that the Court must find Plaintiffs in civil contempt to impose sanctions under its inherent authority. Dkt. No. 139 at 9. That is inaccurate. *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 566 (3d Cir. 1985) (en banc) (courts have the power "to sanction errant attorneys financially both for contempt and for conduct not rising to the level of contempt"). The Third Circuit has held that it may use its inherent authority to impose sanctions without finding bad faith. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 n.11 (3d Cir. 1994). Those sanctions can be monetary in nature. *See Eash*, 43 F.3d at 566 (recognizing the propriety of "a reasonable monetary sanction" for an attorney's "unjustified failure to discharge an administrative responsibility as an officer of the court").

Plaintiffs attempt to avoid sanctions by invoking the Third Circuit's doctrine of substantial compliance. *See* Dkt. No. 139 at 9. Under that doctrine, Plaintiffs must show that (1) they took all reasonable steps necessary to comply with the

11

Court's order and (2) violated the order in a manner that is merely technical or inadvertent. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). Their conduct falls far short.

### A. Plaintiffs' Filing Process Was Not Reasonable

Plaintiffs relied on a clerk to file Defendants' highly confidential information with the Court. This was unreasonable, especially under the circumstances. If counsel of record is going to delegate its obligations under a court's protective order, they cannot avoid responsibility when those obligations go unfulfilled. This is especially true here, where the Court's order expressly charges the "attorneys of record" with responsibility for compliance with the order. Dkt. No. 55 ¶ 34.

Plaintiffs themselves eventually concluded delegating their obligations was unreasonable. After they realized that their clerk had filed the confidential brief on the public docket, a Quinn Emanuel attorney of record took over the filing of the remaining preliminary injunction materials. *See* Dkt. No. 141 (Christenson Decl.) ¶ 8.

### B. Plaintiffs' Post-Filing Violations Were Not Inadvertent

Regardless of the reasonableness of Plaintiffs' filing process, Plaintiffs should be sanctioned because their post-filing actions were not inadvertent and constitute bad faith. Plaintiffs' obligations under the protective order continued

after their improper disclosure. *See* Dkt. No. 55 ¶ 34. Their failures to take reasonable measures to control access to Defendants' confidential information following the disclosure were not inadvertent and were themselves additional violations of the Stipulated Confidentiality Order. The record of Plaintiffs' half-measures speaks for itself:

- Plaintiffs learned of their wrongful disclosure at 6:35 P.M. on October 4, 2019, but did not inform Defendants. Defendants alerted Plaintiffs to the disclosure breach at 7:47 P.M. Dkt. No. 121-1 at 4.

- At 7:54 P.M., Plaintiffs claimed that they would not be able to address their error until Monday, October 4, 2019, because the Clerk's Office was already closed. *Id.* Only after Defendants demanded that Plaintiffs write a letter to the Court and file a redacted version of their brief did Plaintiffs take further action. *Id.* at 5. These were obvious, reasonable measures that Plaintiffs did not elect to take on their own.

- At 10:03 P.M. on October 4, 2019, *id.* at 6, and at 2:38 P.M. on October 5, 2019, Dkt. No. 139 at 7, Defendants informed Plaintiffs that docket monitoring services had placed copies of Plaintiffs' brief on public websites. Plaintiffs had made no efforts to identify public postings of the brief.



13

- ███████████████████████████████████████

This series of dilatory and misleading behavior is not the stuff of accident or mistake. Plaintiffs' claim of inadvertence is hollow to the bone.

A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (citation omitted). ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████████████████

█████████████████████████████

████████████████████████████ Plaintiffs perpetuated a false narrative by suggesting that the dissemination of Defendants' confidential information was "quickly remedied," Dkt. No. 139 at 2, that Plaintiffs' wrongful disclosure "was corrected . . . within hours," *id.* at 1, and that Defendants claimed harm was baseless because Defendants suffered only an "overnight disclosure of their information," *id.* at 15. ████████████████

14

████████████████████████████████████████

████████████████████████████████████████

██████████

Plaintiffs' actions have revealed a pattern of dilatory behavior, lack of diligence, and, now, tactical concealment. These actions have thwarted the enforcement of the Court's confidentiality order. Under its inherent authority, a Court may award attorneys' fees and costs as a sanction for a party's bad faith conduct. *Chambers*, 501 U.S. at 47. Plaintiffs' conduct more than justifies monetary sanctions here. The imposition of sanctions in this instance would serve dual purposes: it would compensate Defendants for expenses caused by Plaintiffs' behavior and it would vindicate judicial authority by penalizing Plaintiffs for their violations of the Court's order.[1] *See id.* at 46.

---

[1] Sandoz disclaims responsibility for the violation of the order. Dkt. No. 145. Sandoz and its counsel, Alston & Bird, fail to apprehend that the wrongful disclosure was filed by RareGen's counsel on behalf of Sandoz. *See* Dkt. No. 106; *see Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (litigants are responsible for the actions of their freely selected agents). Sandoz and Alston & Bird directly violated the order by allowing Quinn Emanuel, a firm that has a history of violating protective orders, to be in charge of filing documents with confidential information and by failing to employ reasonable measures to remediate Plaintiffs' wrongful disclosure, including █████████████████████████████████████ *See* Dkt. No. 55 ¶ 34.

## CONCLUSION

Under Rule 37(b) and the Court's inherent authority, Defendants are entitled to the reasonable attorney's fees and costs that they have incurred mitigating the harm caused by Plaintiffs' wrongful conduct and bringing those matters to the Court's attention. At the Court's request, Defendants will file a declaration enumerating those fees and costs. The Court should permit Defendants to supplement their showing in the event Defendants suffer additional harm. ▬

▬▬▬

▬▬▬

▬▬▬

▬ Defendants seek any additional sanctions that the Court deems appropriate.

16


Respectfully submitted,

*/s/ Stephen M. Orlofsky*    November 12, 2019
Stephen M. Orlofsky

**BLANK ROME LLP**
A Pennsylvania LLP
Stephen M. Orlofsky
Adrienne C. Rogove
*New Jersey Resident Partners*
Michael R. Darbee
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-2646
Facsimile: (609) 897-7286
Orlofsky@BlankRome.com
Rogove@BlankRome.com
MDarbee@BlankRome.com

**WILLIAMS & CONNOLLY**
Edward J. Bennett (*pro hac vice*)
Edward C. Barnidge (*pro hac vice*)
Jonathan B. Pitt (*pro hac vice*)
C. Bryan Wilson (*pro hac vice*)
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
EBennett@wc.com
EBarnidge@wc.com
JPitt@wc.com
BWilson@wc.com

*Attorneys for Defendant United Therapeutics Corporation*

**KILPATRICK TOWNSEND
& STOCKTON LLP**
Frederick L. Whitmer
The Grace Building
1114 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 775-8773
Facsimile:  (212) 775-8821
fwhitmer@kilpatricktownsend.com

Peter M. Boyle (*pro hac vice*)
Patrick J. Pascarella (*pro hac vice*)
Christine E. Fahmy (*pro hac vice*)
607 14th Street NW
Washington, DC  20005
Telephone: (202) 508-5800
Facsimile: (202) 585-0057
pboyle@kilpatricktownsend.com
ppascarella@kilpatricktownsend.com
cfahmy@kilpatricktownsend.com

*Attorneys for Smiths Medical ASD, Inc.*

## **CERTIFICATE OF SERVICE**

I, Stephen M. Orlofsky, certify that on this date, I caused a copy of the foregoing Reply in Support of Motion for Sanctions and Declaration of Christopher T. Berg to be served upon all counsel of record via the Court's ECF system and email.

Dated: November 12, 2019         */s/ Stephen M. Orlofsky*
                                  STEPHEN M. ORLOFSKY