## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SANDOZ INC. and RAREGEN, LLC | Case No. 19-cv-10170-BRM-LHG |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL MATERIALS SUBMITTED IN SUPPORT OF PRELIMINARY INJUNCTION BRIEFING** |
| UNITED THERAPEUTICS CORP. and SMITHS MEDICAL ASD, INC. | |
| *Defendants*. | |

## PRELIMINARY STATEMENT

Defendants moved to seal information that is central to Plaintiffs' preliminary injunction motion and should not be shielded from public view, including, among other things, widely circulated communications with third parties, publicly available information, and information that is outdated and not competitively sensitive in any way. ECF No. 151. They also asked the Court to permanently seal all of their documents and testimony ***in their entirety***, without proposing a single redaction to a deposition transcript, expert report, or supporting exhibit. With these improper and overbroad requests, Defendants elevated their own private concerns—regarding the prospect of embarrassment or public scrutiny that comes with being caught red-handed in a scheme to artificially inflate the price of a life-sustaining drug—over the public's right to access judicial documents.

Under controlling Third Circuit law, the public has a right to access Defendants' documents and testimony absent (1) proof that disclosure would impose "a clearly defined and serious injury"; and (2) a showing that there are no less restrictive means available to protect competitively sensitive information other than sealing documents in their entirety.  Defendants' motion to seal fails to satisfy either prong of that standard.  Plaintiffs therefore respectfully submit that Defendants' Motion to Seal, ECF 151, should be denied with respect to the specific sealing requests to which Plaintiffs have lodged objections, as reflected in the attached Exhibit A.[1]

## LEGAL STANDARD

"[T]here is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions."  *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).  That includes preliminary injunction motions.  *Id*. at 164 ("We see no reason to distinguish between material submitted in connection with a motion for summary judgment and material submitted in connection with a motion for preliminary injunction, an exhibit to a complaint, and a motion to dismiss and for a more definite statement.").

---

[1]  Exhibit A is a table identifying (i) Plaintiffs' objections to specific sealing requests by Defendants, (ii) the basis for those objections, and (iii) specific sealing requests that Plaintiffs do not oppose.

"Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Concerns about potential embarrassment or injury to reputation, on the other hand, are "not enough to rebut the presumption of access." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991).

Thus, "[i]n order to override the common law right of access, the party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quotations omitted). The party seeking protection "must show good cause by demonstrating a particular need for protection." *Leucadia, Inc.*, 998 F.2d at 166. That means "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not justify sealing a document. *Id.*

Consistent with these standards, Local Civil Rule 5.3(c)(3) requires a party moving to seal to "describ[e] with particularity: (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief

sought is not granted, and (d) why a less restrictive alternative to the relief sought is

not available."

## I.    Defendants Moved to Seal Information That Should Be Public

None of the materials objected to in Exhibit A meet the Third Circuit standard

because they do not contain information that, if disclosed publicly, would threaten

Defendants' "competitive standing." *Littlejohn*, 851 F.2d at 678.

By way of illustration, Defendants have asked to seal:

- ***widely circulated third-party communications***, such as end-life notices published by Smiths and testimony regarding those communications, *see, e.g.*, ECF 151-1, at 55, 243, (moving to seal Ex. 69 to the Declaration of Ethan Glass ("Glass Decl.") and Ex. EEE, which contains deposition testimony regarding the same);

- ***publicly available information***, such as the terms of the patent settlement between United Therapeutics and Sandoz and argument in Defendants' Opposition Brief (ECF No. 122 at 11) regarding the same, *see, e.g.*, ECF 151-1 at 100 (moving to seal Glass Decl., Ex. 1006, most of which is available through United Therapeutics SEC filings at: https://www.sec.gov/Archives/edgar/data/1082554/000110465915072828/a15-17842_1ex10d2.htm); ECF 151-1 at 34 (moving to seal ECF 106-1 at 21, identifying pricing information which is available at page 65 of the 2018 Form 10-K that United Therapeutics filed with the SEC); ECF 151-1 at 41 (moving to seal ECF 106-1 at 34, identifying expected timeline for next generation delivery system which is available at page 26 of the Q3 2019 Form 10-Q that United Therapeutics filed with the SEC);

- ***information that is merely embarrassing to Defendants***, but not competitively sensitive in any way, *see, e.g.*, ECF 151-1 at 52, 65–67, 80–81, 95, 97, 103 (moving to seal Glass Decl., Ex. 61, 93, 100, 151, 152, 456, 458, 705, 708, 1009–10) and argument in the parties' preliminary-injunction briefing regarding the same, *see, e.g.*, ECF 151-1 at 2 (moving to seal ECF 106-1 at 2);

4

- ***outdated information***, which could not harm Defendants' competitive standing on a going-forward basis (including some information that is more than three years old), *see, e.g.*, ECF 151-1 at 53, 71, 73–74 (moving to seal Glass Decl., Ex. 67, 202, 205–07, 210, which concern discussions about now-superseded agreements);

- ***statements of pure argument***, which do not divulge any competitively sensitive information, *see e.g.*, ECF 151-1 at 3 (moving to seal ECF 106-1 at 3, Plaintiffs' argument on the current availability of their generic drug); ECF 151-1 at 143-44 (moving to seal ECF 122 at 33 n.14, Plaintiffs' argument on Defendants' intent);

- ***information that is already known to persons in the industry***, including references to the names of Defendants' customers; *see, e.g.*, ECF 151-1 at 10 (moving to seal ECF 106-1 at 8-9, identifying two customers names).

None of these categories of information should be sealed. *See In re Paulsboro Derailment Cases*, Civil No. 13-2358 (RBK/KMW), 2016 WL 6089700, at *2 (D.N.J. Oct. 17, 2016) ("To the extent that Plaintiff is merely repeating information a third person communicated to her, that information is already public, and requests to restrain further dissemination of publicly disclosed information are moot.") (quotation omitted); *Janssen Prods., L.P. v. Lupin Ltd.*, Civ. No. 2:10-05954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (information in the public domain should not be sealed); *Westinghouse*, 949 F.2d at 663 ("The district court noted that 'it is likely that Westinghouse is concerned most about potential embarrassment and injury to reputation.' Westinghouse's memorandum on appeal, which fails to refer to any specific type of competitive harm, also suggests that it is the company's public image that is at stake.  That is not enough to rebut the

presumption of access.") (citation omitted); *Younes v. 7-Eleven, Inc.*, No. CIV. 13-3500 RMB/JS, 2014 WL 1959246, at *3 (D.N.J. May 15, 2014) ("[I]t is well established that public embarrassment without any evidence of other harm is not a clearly defined and serious injury."); *Hershey Co. v. Promotion in Motion, Inc.*, Civil Action No. 07-1601 (SDW), 2010 WL 11475252, at *5 (D.N.J. Aug. 4, 2010) (concluding that sealing information about events that occurred several years ago was not warranted because "release of such stale information" was unlikely to give competitors "a future competitive advantage").

Defendants' sweeping, self-serving claims to substantiate their sealing requests are not enough to rebut the presumption in favor of the public's right to access judicial documents.  As the Third Circuit has recognized, the party moving to seal must show that "disclosure will work a clearly defined and serious injury." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quotations omitted). Defendants have not made such a showing, and as a result, their motion should be denied.

## II.     Defendants Failed to Use the Least  Restrictive Alternative By Moving to Seal Documents in their Entirety

Plaintiffs further object to Defendants' sealing requests because there are less restrictive means available to protect Defendants' competitively sensitive information—to the extent there is any—in the documents and deposition transcripts identified in Exhibit A.

Defendants moved to seal—*in their entirety*—147 exhibits, 12 deposition transcripts, and 4 expert reports.  By contrast, Plaintiffs reviewed each and every docket entry that has been temporarily filed under seal and proposed line-by-line redactions where possible as the least restrictive means of protecting their confidential information.  *See* ECF Nos. 152, 153.

When a party moves to place an entire document under seal, the Court should reject that request if competitively sensitive information can be redacted from the document.  *Bock v. Pressler & Pressler, LLP*, Civil Action No. 11-7593 (KM)(MCA), 2014 WL 1233039, at *3 (D.N.J. Mar. 25, 2014) ("Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)."); *Younes*, 2014 WL 1959246 at *4 n.5 (D.N.J. May 15, 2014) ("where a less restrictive alternate exists, a motion to seal will fail"); *Supernus Pharms., Inc. v. Actavis, Inc.*, Civil No. 13-4740 (RMB/JS), 2014 WL 6474039, at *3 (D.N.J. Nov. 18, 2014) ("The parties in total seek to seal 22 exhibits in full. After reviewing the subject materials, the Court finds that not all of the materials at issue contain sensitive and confidential information.  Instead, the appropriate course of action is for [the parties] to seek to redact the portions of the material that actually reference confidential or proprietary information."); *Connor v. Sedgwick Claims Mgmt. Servs., Inc.*, 796 F. Supp. 2d 568, 592 (D.N.J. 2011) ("After review of the documents Defendant seeks to seal, the Court concludes a less

restrictive alternative is available—Defendant can file unsealed redacted copies.").

Redactions usually are the least restrictive means to protect any information that meets the Third Circuit's sealing standard (such as current prices or the names of commercially sensitive business partners). Yet Defendants did not even try to explain why they could not propose redactions to protect their competitively sensitive information, as Plaintiffs did in their respective motions to seal. The best they could muster is a pro forma representation that "[t]he request to seal materials identified in Exhibit A is the least restrictive alternative available to Defendants to protect this information." ECF 151-1, at ¶ 10. But that is a far cry from what is required for Defendants to meet their burden. *See Cendant*, 260 F.3d at 194 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.").

Defendants' motion to seal itself confirms that their sealing requests are far overbroad because it is riddled with inconsistent demands. For example, Defendants did not move to seal this sentence in Plaintiffs' preliminary injunction brief: "Smiths' CADD-MS 3 pump is the only pump available in the United States to administer subcutaneous infusions of treprostinil." ECF 106-1, at 5. But they did move to seal the supporting testimony from Kevin Gray and Nathan Walker that is cited for that proposition. *See* ECF 151-1, at 109, 114 (moving to seal Glass Decl., Exhibit C, which contains the cited testimony from Mr. Gray, and Glass Decl.,

8

Exhibit I, which contains the cited testimony from Mr. Walker).

Defendants' motion is full of these sorts of internal inconsistencies:

| Statements in Briefing Defendants Did Not Move to Seal[2] | Supporting Materials Defendants Moved to Seal |
|---|---|
| "Without cartridges, the pumps are useless." ECF 106-1, at 6. | Glass Decl., Ex. H (Deposition of Ross Gencheff); Ex. D (Deposition of Beth Rhodes); Ex. J (Deposition of Chris Quinn). |
| "At the time . . . treatments." ECF 106-1, at 7. | Glass Decl., Ex. I (Deposition of Nathan Walker), Ex. C (Deposition of Kevin Gray), Ex. B (Deposition of Jay Watson) |
| "The July . . . cartridges." ECF 106-1, at 8. | Glass Decl, Ex. D (Deposition of Beth Rhodes) |
| "At the time . . . of 2019." ECF 106-1, at 10–11. | Glass Decl., Ex. 705 |
| "Rhodes . . . agreements." ECF 106-1, at 11. | Glass Decl, Ex. 89; Ex. D (Deposition of Beth Rhodes) |
| "On April 8 . . . again." ECF 106-1, at 15–16. | Glass Decl., Ex. 56 |

Because they have not undertaken the effort to identify with specificity the information in their documents and testimony that merits sealing (if any such information even exists), Defendants have failed to carry their "heavy burden," *Miller*, 16 F.3d at 551, to keep their documents and testimony under seal.

---

[2] Defendants have not moved to seal any of the information in this table. Out of an abundance of caution, however, where information is not already available on the public docket, Plaintiffs have chosen to selectively describe the statements at issue.

## **CONCLUSION**

For all these reasons, Defendants' Motion to Seal, ECF 151, should be denied with respect to the specific sealing requests to which Plaintiffs have lodged objections, as reflected in the attached Exhibit A.

Dated: December 2, 2019               Respectfully submitted,


By: */s/ Jenny Kramer*

**ALSTON & BIRD, LLP**
Jenny Kramer (NJ Bar No. 014372001)
90 Park Avenue, 15th Floor
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
jenny.kramer@alston.com
Michael P. Kenny (*pro hac vice*)
Matthew D. Kent (*pro hac vice*)
Allison S. Thompson (*pro hac vice*)
Jonathan D. Parente (*pro hac vice*)
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
matthew.kent@alston.com
allison.thompson@alston.com
jonathan.parente@alston.com

*Attorneys for Plaintiff Sandoz Inc.*

*/s/ Thomas D. Pease*
**Quinn Emanuel Urquhart & Sullivan, LLP**
Thomas D. Pease (NJ Bar No. 055421994)
Peter Calamari (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (Phone)
thomaspease@quinnemanuel.com
petercalamari@quinnemanuel.com
Ethan C. Glass (*pro hac vice*)
Michael D. Bonanno (*pro hac vice*)
1300 I Street NW, Washington, DC 20005
(202) 538-8000 (Phone)
ethanglass@quinnemanuel.com
mikebonanno@quinnemanuel.com

*Attorneys for Plaintiff RareGen, LLC*