**EXHIBIT A**

**INDEX**

| Material | Basis for Sealing | Clearly Defined & Serious Injury | Less Restrictive Means Is Not Available | Opp. to Sealing, If Any, and Basis |
|---|---|---|---|---|
| ECF No. 106-1: Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction | | | | |
| Page ii: "Smiths . . . Restrictions" | This material contains information relating to UTC's confidential and proprietary business information regarding its relationships with various specialty distributors, as well as UTC's contract negotiations with same. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and its relationships with Smiths Medical and with various | The portions sought to be sealed are confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. UTC is only seeking to seal its confidential and proprietary information, while all other information will remain public. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation tactics" that were used in 2018 will not give competitors any unfair competitive advantage. |

| | | specialty distributors. | | |
|---|---|---|---|---|
| Page ii: the text following the words "Withhold Cartridges Until" and preceding the words "With Patient Health" | Same. | Same. | Same. | Same. |
| Page 1: "Defendants . . . contracts" | Same. | Same. | Same. | Same. |
| Page 2: "place . . . restrictions" | Same. | Same. | Same. | Same. |
| Page 3: the text following the words "lawsuit was filed" and preceding the words "entered into" | This material contains information relating to UTC's confidential and proprietary business information regarding its customers. | The disclosure of the identity of UTC's customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive advantage as no details about UTC's contract negotiating |

| | | negotiating processes. | | processes are disclosed. |
|---|---|---|---|---|
| Page 3: the text following the words "generic drug is" and preceding the words "less than the price" | This material contains information relating to UTC's confidential and proprietary business information regarding its pricing. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC charges, as well as by allowing UTC's competitors to discern UTC's contracting terms. | Same. | Plaintiffs object to Defendants' Motion to Seal all but the last two words preceding "less than the price" as it is a less restrictive means to sealing and that is the only portion that contains information regarding UTC's pricing. No other information is confidential or proprietary, nor would disclosure of that information provide competitors an unfair advantage. |
| Page 5: the text following the words "Quinn 55:7-16" and preceding the words "Ex. 1004 at 076" | This material contains information relating to Smiths's and UTC's confidential and | The disclosure of UTC's confidential business information, including the identity of UTC's | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business |

| | proprietary business information regarding its customers. | customers, in the context it appears in the brief will harm Smiths and UTC's relationship with those customers and give their competitors an unfair competitive advantage by offering them insight into Smiths's technologies and customer relationships. | | information. The identity of UTC's customer is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 6: the text following the words "Prior to 2019" and preceding the text "Donovan 48:20-19:18" | This material contains information relating to UTC's confidential and proprietary business information regarding its relationships with various specialty | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would |

| | distributors, as well as UTC's contract negotiations with same. | insight into UTC's contract negotiating processes and its relationships with Smiths Medical and with various specialty distributors. | | not gain any unfair competitive advantage as no details about UTC's contract negotiating processes are disclosed. |
|---|---|---|---|---|
| Page 7: the text following the words "to buy" and preceding the words "CADD-MS3 pumps" | This information contains information relating to confidential and proprietary business information regarding competitively sensitive contractual supply terms between Smiths Medical and UTC. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and anticipated future needs to service | Same. | No objection. |

| | | customers competitively. | | |
|---|---|---|---|---|
| Page 7: the text following the words "identified by UTC (including" and preceding the words "Ex. 67 at 003. At the end" | This material contains information relating to UTC's confidential and proprietary business information regarding its specialty pharmacy customers. | The disclosure of the identity of UTC's specialty pharmacy customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive advantage as no details about UTC's contract negotiating processes are disclosed. |
| Page 8: the text following the words "manufacture and sell" and preceding the | This information contains information relating to | The disclosure of UTC's confidential and proprietary | Same. | No objection. |

| words "cartridges in the ordinary course" | confidential and proprietary business information regarding competitively sensitive contractual supply terms between Smiths Medical and UTC. | business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and anticipated future needs to service customers competitively. | | |
| Page 8: the text following the words "approved by UTC (including" and preceding the words "*Id.* at 003 (¶6). At the end" | This material contains information relating to UTC's confidential and proprietary business information regarding its specialty | The disclosure of the identity of UTC's specialty pharmacy customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair |

|  | pharmacy customers. | unfair competitive advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. |  | competitive advantage as no details about UTC's contract negotiating processes are disclosed. |
|---|---|---|---|---|
| Page 8: the text following the words "commitment by" and preceding the word "cartridges" and the words following "cartridges" and preceding the words "total cartridges)" " | This information contains information relating to confidential and proprietary business information regarding competitively sensitive contractual supply terms between Smiths Medical and UTC. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and anticipated future needs to service | Same. | No objection. |

| | | customers competitively. | | |
|---|---|---|---|---|
| Page 8: the text following the words "existing contracts with" and preceding the words "Ex. 210 at 954; Ex. 463" | This material contains information relating to UTC's confidential and proprietary business information regarding its relationships with various specialty distributors, as well as UTC's contract negotiations with same. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and its relationships with Smiths Medical and with various specialty distributors. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" that were used in 2017 will not give competitors any unfair competitive advantage. |
| Page 8: "the . . . contract." | This information contains information relating to confidential and | The disclosure of UTC's confidential and proprietary business | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The |

| | proprietary business information regarding competitively sensitive contractual terms between Smiths Medical and UTC relating to supply arrangements. | information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and anticipated future needs to service customers competitively. | | information does not disclose any "proprietary business information" re competitively sensitive contractual terms and the disclosure of same will not give competitors any unfair competitive advantage. |
|---|---|---|---|---|
| Page 9: the text following the words "Smiths to ask" and preceding the words "whether they would" | This material contains information relating to UTC's confidential and proprietary business information regarding its specialty pharmacy | The disclosure of the identity of UTC's specialty pharmacy customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive |

| | customers and distributors. | advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. | | advantage as no details about UTC's contract negotiating processes are disclosed. |
|---|---|---|---|---|
| Page 9: Smiths . . . them. | This material contains information relating to UTC's confidential and proprietary business information regarding its specialty pharmacy customers and distributors. | The disclosure of the identity of UTC's specialty pharmacy customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" that were used in 2017 and 2018 will not give competitors any unfair competitive advantage. |

| | | distribution strategies. | | |
|---|---|---|---|---|
| Page 9: the text following the words "Distribution Agreements with" and preceding the words "which prohibited" | This material contains information relating to UTC's confidential and proprietary business information regarding its customers. | The disclosure of the identity of UTC's customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive advantage as no details about UTC's contract negotiating processes are disclosed. |
| Page 9: prohibited . . . Remodulin. | This material contains information relating to UTC's confidential and proprietary | The disclosure of UTC's confidential and proprietary business information will | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of |

| | business information regarding its specialty pharmacy customers and distributors. | give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. | | Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" that were used in 2017 will not give competitors any unfair competitive advantage. |
| --- | --- | --- | --- | --- |
| Page 9: UTC . . . leaders]." | This material contains information relating to UTC's confidential and proprietary business information regarding competitive analysis. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's analysis of its competitors and its customer- | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re competitive analysis and the disclosure of same will not give competitors any unfair competitive advantage. |

| | | intelligence capabilities. | | |
|---|---|---|---|---|
| Page 10: UTC . . . it." | This material contains information relating to UTC's confidential and proprietary business information regarding competitive analysis. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's analysis of its competitors and its assessment of the marketplace. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re competitive analysis or marketplace assessment and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 10: the text following the words "Benkowitz 149:8-14" and preceding the words "Ex. 61" | This material contains information relating to UTC's confidential and proprietary business | The disclosure of the identity of UTC's specialty pharmacy customers in the context that they appear in the brief will harm UTC's | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The |

| | information regarding its specialty pharmacy customers. | relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's customer base and competitive intelligence. | | identity of UTC's customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 10: Just . . . Supply." | This information contains information relating to confidential and proprietary business information regarding competitively sensitive contractual terms between Smiths Medical and UTC relating to supply arrangements. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and anticipated future | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re competitively sensitive contractual terms and the disclosure of same will not give competitors any unfair competitive advantage. |

| | | needs to service customers competitively. | | |
|---|---|---|---|---|
| Page 10: Rhodes . . . trepostinil. | This information contains information relating to confidential and proprietary business information regarding competitively sensitive analysis between UTC and its business partners. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's market analysis. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" and the disclosure of that information will not give competitors any unfair competitive advantage. |
| Page 10: the text following the words "Rhodes said:" and preceding the words "Ex. 459 at 966" | This material contains information relating to UTC's confidential and proprietary business information regarding its | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re |

|  | relationships with various specialty distributors, as well as UTC's contractual arrangements with same. | advantage by offering them insight into UTC's contractual arrangements and its relationships with various distributors regarding supply dynamics. |  | contractual arrangements and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 11: *Smiths . . . Restrictions* | This material contains information relating to UTC's confidential and proprietary business information regarding its specialty pharmacy customers and distributors. | The disclosure of the identity of UTC's specialty pharmacy customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" that were used in 2018 will not give competitors any unfair competitive advantage. |

| | | processes and distribution strategies. | | |
|---|---|---|---|---|
| Page 11: provide . . . cartridges. | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding its specialty pharmacy customers and distributors. | The disclosure of the identity of UTC's customers and distributors in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC and Smiths's contractual arrangements, negotiating processes, and distribution strategies. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" that were used in 2018 will not give competitors any unfair competitive advantage. |
| Page 11: the restrictions . . . amendment." | This material contains | The disclosure of UTC's | Same. | Plaintiffs object on the basis that the |

|  | information relating to UTC's confidential and proprietary business information regarding its relationships with various specialty distributors, as well as UTC's contractual arrangements with same. | confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contractual arrangements and its relationships with various distributors regarding supply dynamics. |  | information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re UTC's contractual arrangements and the disclosure of same will not give competitors any unfair competitive advantage. |
|---|---|---|---|---|
| Page 11: the text following the words "Ex. 59 at 364" and preceding the words "Ex. 90 at 416" | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding the status of | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re contractual arrangements, |

| | negotiations with customers and distributors. | insight into UTC and Smiths's contractual arrangements, negotiating processes, and distribution strategies with customers and distributors. | | negotiating processes or distribution strategies, would not give competitors any unfair competitive advantage, and is merely embarrassing to Defendants. |
|---|---|---|---|---|
| Page 11: the text following the words "Ex. 90 at 416, and" and preceding the words "Rhodes 145:21" | Same. | Same. | Same. | Same. |
| Page 11: She called . . . allocation." | Same. | Same. | Same. | Same. |
| Page 11: While on . . . authorization. | Same. | Same. | Same. | Same. |
| Page 11: ("Smiths . . . Remodulin. | Same. | Same. | Same. | Same. |
| Page 11: Smiths . . . instructions. | Same. | Same. | Same. | Same. |
| Page 11: UTC . . . holiday. | Same. | Same. | Same. | Same. |
| Page 12: the text following the words "263:6-264:10" and preceding the words "Ex. 475" | Same. | Same. | Same. | Same. |

| | | | | |
|---|---|---|---|---|
| Page 12: the text following the words "Ex. 475" and preceding the words "Ex. 488" | This material contains information relating to UTC's confidential and proprietary business information regarding its customers. | The disclosure of the identity of UTC's customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive advantage as no details about UTC's contract negotiating processes are disclosed. |
| Page 12: the text following the words "first time" and preceding the words "Ex. 477" | Same. | Same. | Same. | Same. |
| Page 12: ("UT . . . needed."); | This material contains | The disclosure of UTC's confidential and | Same. | Plaintiffs object on the basis that the |

| | information relating to UTC and Smiths's confidential and proprietary business information regarding the status of negotiations with customers and distributors. | proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC and Smiths's contractual arrangements, negotiating processes, and distribution strategies with customers and distributors. | | information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" that were used in 2018 will not give competitors any unfair competitive advantage. |
| Page 12: the text following the words "continue to provide" and preceding the words "Ex. 96 at 385" | This material contains information relating to UTC's confidential and proprietary business information | The disclosure of the identity of UTC's customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re negotiating strategies, |

| | regarding its customers. | competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and distribution strategies. | | would not give competitors any unfair competitive advantage, and is merely embarrassing to Defendants. |
|---|---|---|---|---|
| Page 12: ("[T]heir . . . sign."); | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding the status of negotiations with customers and distributors. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC and Smiths's contractual arrangements, negotiating processes, and distribution | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re contractual arrangements or negotiating strategies, would not give competitors any unfair competitive advantage, and is merely embarrassing to Defendants. |

| | | strategies with customers and distributors. | | |
|---|---|---|---|---|
| Page 12: ("[T]hey . . . of it.") | Same. | Same. | Same. | Same. |
| Page 12: the text following the words "Ex. 483" and preceding the words "Ex. 98 at 766" | Same. | Same. | Same. | Same. |
| Page 12: the text following the words "272:26-274:7" and preceding the words "Ex. 98 at 765" | Same. | Same. | Same. | Same. |
| Page 12: the text following the words "Ex. 98 at 765" and preceding the words "deGoa Aff. ¶ 14" | Same. | Same. | Same. | Same. |
| Page 12: the text following the words "252:11-17" and preceding the words "Ex. 472 at 264; Donovan" | Same. | Same. | Same. | Same. |

| Page 12: the text following the words "With Patient Health at Risk" and preceding the words "Agreed to" | Same. | Same. | Same. | Same. |
|---|---|---|---|---|
| Page 12-13: In early . . . Remodulin. | Same. | Same. | Same. | Same. |
| Page 13: ("[T]here . . . Remodulin."); | Same. | Same. | Same. | Same. |
| Page 13: the text following the words "302:18-303:4" and preceding the words "Ex. 71' Ex. 72" | This material contains information relating to UTC's confidential and proprietary business information regarding its customers. | The disclosure of the identity of UTC's customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's distribution strategies. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive advantage as no details about UTC's distribution strategies are disclosed. |

25

| Page 13: which . . . Ex. 1008 | This material contains information relating to UTC's confidential and proprietary business information regarding its relationship with distributors. | The disclosure of UTC's confidential and proprietary business information will harm UTC's relationship with its distributors and give UTC's competitors an unfair competitive advantage by offering them insight into UTC business relationships and distribution strategies. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary and competitors would not gain any unfair competitive advantage as no details about UTC's business relationships or distribution strategies are disclosed. |
| --- | --- | --- | --- | --- |
| Page 13: The purpose . . . patients. | This material contains information relating to Smiths's confidential and proprietary business information | The disclosure of Smiths's confidential and proprietary business information will harm Smiths's relationship with its distributors and | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary and competitors would not gain any unfair competitive advantage as no |

| | regarding its relationship with distributors and customers. | give Smiths's competitors an unfair competitive advantage by offering them insight into Smiths's business relationships and distribution strategies. | | details about Smiths' business relationships or distribution strategies are disclosed. In fact, this information was shared widely with Smiths' customers. |
|---|---|---|---|---|
| Page 13: This was . . . cartridges. | Same. | Same. | Same. | Same. |
| Page 13: the text following the words "Walker 79:13-21" and preceding the words "understood they would" | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding the status of negotiations with customers and distributors. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC and Smiths's contractual arrangements, negotiating | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information" and competitors would not gain any unfair competitive advantage as no details about UTC or Smiths' contractual |

| | | | | |
|---|---|---|---|---|
| | | processes, and distribution strategies with customers and distributors. | | arrangements or negotiating processes are disclosed. |
| Page 13: the text following the words "Ex. 485 at 194" and preceding the words "Ex. 490 at 235" | Same. | Same. | Same. | Same. Additionally, the information is merely embarrassing to Defendants. |
| Page 13: the text beginning with the words "The cartridges" and preceding the words "Ex. 455 at 464" | Same. | Same. | Same. | Same. |
| Page 13-14: While . . . Smiths. | Same. | Same. | Same. | Same. |
| Page 14: ("[T]hey . . . more.") | Same. | Same. | Same. | Same. |
| Page 14: the text following the words "Ex. 93 at 132" and preceding the words "Ex. 151 at 215" | Same. | Same. | Same. | |
| Page 14: ("We need . . . allocation."); | Same. | Same. | Same. | Same. |
| Page 14: ("I . . . allocation.") | Same. | Same. | Same. | Same. |

| | | | | |
|---|---|---|---|---|
| Page 14: As a result . . . dwindled. | Same. | Same. | Same. | Same. |
| Page 14: ("We . . . concerned.") | Same. | Same. | Same. | Same. |
| Page 14: ("We . . . low.") | Same. | Same. | Same. | Same. |
| Page 14: conceded . . . the pharmacies. | Same. | Same. | Same. | Same. |
| Page 14: (withholding . . . "improper"). | Same. | Same. | Same. | Same. |
| Page 14: increasingly . . . weeks. | Same. | Same. | Same. | Same. |
| Page 14: Upon . . . agreement." | Same. | Same. | Same. | Same. |
| Page 14-15: Rhodes . . . contracts." | Same. | Same. | Same. | Same. |
| Page 15: She told . . . distribution." | Same. | Same. | Same. | Same. |
| Page 15: the text following the words "Ex 100 at 670" and preceding the words "*See, e.g.*, Ex. 1009" | Same. | Same. | Same. | Same. |
| Page 15: ("I did . . . later."); | Same. | Same. | Same. | Same. |
| Page 15: ("[M]ake . . . time."). | Same. | Same. | Same. | Same. |

| | | | | |
|---|---|---|---|---|
| Page 15: it was . . . patients." | Same. | Same. | Same. | Same. |
| Page 15: one location . . . please!" | Same. | Same. | Same. | Same. |
| Page 15: "wholesale . . . patients." | Same. | Same. | Same. | Same. |
| Page 15: The pharmacies . . . Smiths. | Same. | Same. | Same. | Same. |
| Page 15: countersigned . . . with them. | Same. | Same. | Same. | Same. |
| Page 16: the text following the words "Under those agreements" and preceding the words "Ex. 725" | Same. | Same. | Same. | Same. |
| Page 16: UTC . . . treprostinil. | Same. | Same. | Same. | Same. |
| Page 16: And there . . . goal. | Same. | Same. | Same. | Same. |
| Page 16: ("Basis . . . of U"); | Same. | Same. | Same. | Same. |
| Page 16: For example, . . . Benkowitz. | Same. | Same. | Same. | Same. |
| Page 16: Less than . . . *users* | Same. | Same. | Same. | Same. |
| Page 16-17: Hohn . . . communications. | Same. | Same. | Same. | Same. |
| Page 17: ("Patients . . . A. Yes. | Same. | Same. | Same. | Same. |

| Page 17: the text following the words "Rao Report ¶ 79" and preceding the words "Benkowitz 32:18-23" | This material contains information relating to UTC's confidential and proprietary business information regarding its pricing information and its relationships with its customers and distributors. | The disclosure of UTC's confidential and proprietary business information will harm its relationship with is customers and give UTC's competitors an unfair competitive advantage by offering them insight into the prices and discounts UTC offers customers, as well as by allowing UTC's competitors to discern UTC's contracting terms. | Same. | Plaintiffs object to Defendants' Motion to Seal all but the text following "treprostinil," and preceding "on the" as it is a less restrictive means to sealing and that is the only portion that contains information regarding UTC's pricing. No other information is confidential or proprietary, nor would disclosure of that information provide competitors an unfair advantage. |
| Page 17: That . . . before. | Same. | Same. | Same. | Same.[1] |
| Page 18: the text following the words "treatments was" and preceding the words "per mg" | Same. | Same. | Same. | No objection. |

[1] Plaintiffs identify as less restrictive redacting the word following "That" and preceding "came" as well as the two words following "of an".

| | | | | |
|---|---|---|---|---|
| Page 18: the text following the words "— approximately" and preceding the words "higher than the price" | Same. | Same. | Same. | No objection. |
| Page 18: the text following the words "2018, there were" and preceding the words "patients receiving" | This material contains information relating to UTC's confidential and proprietary business information regarding market share, prescription data, and customer base. | The disclosure of UTC's confidential and proprietary business information will harm its relationship with is customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's market share and customer base. | Same. | No objection. |
| Page 18: the text following the words "Ex. 1011 (showing" and preceding the words "patients serviced" | Same. | Same. | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| Page 18: the text following the words "Ex. 1012 showing" and preceding the words "patients serviced" | Same. | Same. | Same. | No objection. |
| Page 18: the text following the words "), and" and preceding the words "patients receiving subcutaneous" | Same. | Same. | Same. | No objection. |
| Page 21: the text following the words "pharmacies pay" and preceding the words "less for generic" | This material contains information relating to UTC's confidential and proprietary business information regarding its pricing information and its relationships with its | The disclosure of UTC's confidential and proprietary business information will harm its relationship with is customers and give UTC's competitors an unfair competitive advantage by offering them | Same. | No objection. |

| | customers and distributors. | insight into the prices and discounts UTC offers customers, as well as by allowing UTC's competitors to discern UTC's contracting terms. | | |
|---|---|---|---|---|
| Page 21: the text following the words "declined by" and preceding the words "in the quarter" | Same. | Same. | Same. | No objection. |
| Page 21: And because . . . entry. | Same. | Same. | Same. | Not least restrictive.[2] |
| Page 21: That price . . . 2018. | Same. | Same. | Same. | Not least restrictive.[3] |
| Page 24: the text following the words "purchase more than" and preceding the words "of additional pumps" | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding its | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give competitors an unfair competitive advantage by | Same. | No objection. |

34

[2] Plaintiffs identify as less restrictive redacting the word following the three words following "by" and preceding "upon".
[3] Plaintiffs identify as less restrictive redacting the two words following "Remodulin" and preceding "in".

| | business decisions and investments. | offering them insight into the Smiths Medical and UTC's investment and business strategies. | | |
|---|---|---|---|---|
| Page 26: the text following the words "which UTC calls" and preceding the words "Benkowitz 53:24-54:12" | This information contains information relating to confidential and proprietary business information regarding competitively sensitive market analysis. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's market analysis and competitive intelligence. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "proprietary business information" re UTC's market analysis and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 27: other than . . . drug. | This material contains information relating to UTC's | The disclosure of UTC's confidential and proprietary | Same. | No objection. |

| | confidential and proprietary business information regarding its pricing. | business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices and discounts UTC offers, as well as by revealing UTC's market analysis. | | |
|---|---|---|---|---|
| Page 29: the text following the words "documents and witnesses" and preceding the words "Ex. 251 at 3" | This material contains information relating to UTC's confidential and proprietary business information regarding market share, market analysis, and customer base. | The disclosure of UTC's confidential and proprietary business information will harm its relationship with is customers and give UTC's competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object to Defendants' Motion to Seal all but the text following "between" and preceding "Ex. 251 at 3" as it is a less restrictive means to sealing and that is the only portion that contains information regarding UTC's market share. No other information is |

| | | insight into UTC's market analysis and customer base. | | confidential or proprietary. |
|---|---|---|---|---|
| Page 29: ("Current . . . share"); | Same. | Same. | Same. | Same.[4] |
| Page 29: 51 ("We . . . market."); | Same. | Same. | Same. | Plaintiffs object as the information is already public. |
| Page 30: the text following the words "its contracts with" and preceding the words "the test is not total" | This material contains information relating to UTC's confidential and proprietary business information regarding its customers. | The disclosure of the identity of UTC's customers in the context that they appear in the brief will harm UTC's relationship with those customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," and disclosure of UTC's "negotiation processes" will not give competitors any unfair competitive advantage. |
| Page 30: the text following the words "Remodulin | This material contains | The disclosure of UTC's | Same. | No objection. |

37

| accounts for between" and preceding the words "of the market" | information relating to UTC's confidential and proprietary business information regarding market share, market analysis, and customer base. | confidential and proprietary business information will harm its relationship with is customers and give UTC's competitors an unfair competitive advantage by offering them insight into UTC's market analysis and customer base. | | |
|---|---|---|---|---|
| Page 31: the text following the words "foreclose up to" and preceding the words "of the market " | Same. | Same. | Same. | No objection. |
| Page 31: the text following the words "(*i.e.,*" and preceding the words "share)." | Same. | Same. | Same. | No objection. |
| Page 31: there . . . foreclosure | This material contains information relating to UTC's | The disclosure of UTC's confidential and proprietary | Same. | Plaintiffs object on the basis that this statement contains no information about |

| | confidential and proprietary business information regarding contractual agreements and market analysis. | business information will reveal confidential analysis undertaken by UTC and Smiths's expert, which would provide an unfair competitive advantage by offering insight into UTC's market analysis and customer base. | | Smiths' or UTC's confidential or proprietary business information and disclosure of this "market analysis" would not give competitors an unfair competitive advantage. |
| --- | --- | --- | --- | --- |
| Page 32: the text following the words "to manufacture about" and preceding the words "cartridges, Ex. 74" | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its purchase of raw materials for the development of its products, | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by revealing Smiths Medical's raw materials supplier supply | Same. | No objection. |

| | supply availability, and production capacity. | availability, production capacity, and its internal decision-making processes with respect to utilizing raw materials. | | |
|---|---|---|---|---|
| Page 33: the text following the words "was really just a" and preceding the words "Gaier 96:19-97:8" | This material contains information relating to UTC's confidential and proprietary business information regarding contractual agreements and business relationships. | The disclosure of UTC's confidential and proprietary business information will reveal confidential analysis undertaken by UTC and Smiths's expert, which would provide an unfair competitive advantage by offering insight into UTC's business negotiations, contractual arrangements, and | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information and disclosure of this information would not give competitors an unfair competitive advantage. |

| | | purchase decisionmaking. | | |
|---|---|---|---|---|
| Page 34: the text following the words "entire market until" and preceding the words "UTC 30(b)(6)" | This material contains information relating to UTC's confidential and proprietary business information regarding contractual agreements and supply logistics. | The disclosure of UTC's confidential and proprietary business information will reveal sensitive supply and distribution information, which would provide an unfair competitive advantage by offering insight into UTC's long-term supply strategies. | Same. | No objection. |
| Page 34: to start . . . year. | This material contains information relating to UTC's confidential and proprietary business information | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The |

41

|  | regarding its internal product development and business strategies. | unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product development and investments, giving competitors a further advantage. |  | information is already publicly available in UTC's public SEC filings and has been discussed on investor calls by UTC. As this information is already public, disclosure of same would not provide competitors an unfair advantage. |
|---|---|---|---|---|
| Page 34: move . . . CADD-MS 3, | Same. | Same. | Same. | Same. |
| Page 34: the text following the words "the *entire* market through" and preceding the words "(especially not now, in 2019)" | This material contains information relating to UTC's confidential and proprietary business information regarding contractual agreements and supply logistics. | The disclosure of UTC's confidential and proprietary business information will reveal sensitive supply and distribution information, which would provide an unfair competitive | Same. | No objection. |

| | | advantage by offering insight into UTC's supply strategies. | | |
|---|---|---|---|---|
| Page 34: Smiths . . . resin. | This material contains information relating to Smiths's confidential and proprietary business information regarding pricing and raw material availability. | The disclosure of Smiths's confidential and proprietary business information will reveal sensitive pricing information and details about the availability of raw materials, which would provide an unfair competitive advantage by offering insight into Smiths's pricing models and supply availability. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' confidential or proprietary business information. The statement is an argument asserted by Plaintiffs that contains no "sensitive pricing information" and the disclosure of same would not give competitors an unfair competitive advantage.[5] |
| Page 34: the text following the words "Smiths already earns" and preceding the words "gross margins" | This material contains information relating to | The disclosure of Smiths's confidential and proprietary | Same. | Plaintiffs object on the basis that this statement contains no information about |

43

[5] Plaintiffs reassert this objection to Defendants proposed redaction of the information on page Page 34: "Those ... trivial."

|  | Smiths's confidential and proprietary business information regarding pricing. | business information will reveal sensitive pricing information, which would provide an unfair competitive advantage by offering insight into Smiths's pricing models and profit margins. |  | Smiths' confidential or proprietary business information. The statement contains no "sensitive pricing information" and the disclosure of same would not give competitors an unfair competitive advantage. |
| --- | --- | --- | --- | --- |
| Page 34: Those . . . trivial. | Same. | Same. | Same. | *See* footnote 5. |
| Page 34: He . . . competition. | This material contains information relating to UTC's confidential and proprietary business information regarding contractual agreements and market analysis. | The disclosure of UTC's confidential and proprietary business information will reveal competitively sensitive analysis undertaken by UTC and Smiths's expert, which would provide an | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The statement merely comments on the work performed by Defendants' expert and because there is |

|  |  | unfair competitive advantage by offering insight into UTC's market analysis and competitive position. |  | no confidential information, disclosure of same would not give competitors an unfair competitive advantage. |
| --- | --- | --- | --- | --- |
| Page 36: UTC . . . Remodulin. | This material contains UTC's confidential and proprietary information related to market strategy. | The disclosure of UTC's confidential and proprietary business information will give competitors an unfair advantage by offering them insight into the UTC's strategic marketing and development efforts, including into the creation of strategic relationships. | Same. | Plaintiffs object on the basis that this statement contains no information about UTC's confidential or proprietary information related to market strategy. The statement contains no "strategic marketing and development efforts" of UTC and the disclosure of same would not give competitors an unfair competitive advantage. |
| Page 36: the text following the words "market until at | This material contains | The disclosure of UTC's | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| least" and preceding the words "well after the merits" | information relating to UTC's confidential and proprietary business information regarding contractual agreements and supply logistics. | confidential and proprietary business information will reveal sensitive supply and distribution information, which would provide an unfair competitive advantage by offering insight into UTC's supply strategies. | | |
| Page 37: Defendants' . . . available. | This material contains information relating to UTC's confidential and proprietary business information regarding its product analysis and business strategies. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. This statement merely asserts an objective and provable fact. The disclosure of same would not |

| | | decisions concerning product availability and investments. | | give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 37: Defendants' . . . alternatives. | Same. | Same. | Same. | Same. |
| Page 38: When Smiths . . . discontinued. | This material contains information relating to Smiths's confidential and proprietary business practices regarding product availability and relationships with customers. | The disclosure Smiths's properitary and confidential information will provide Smiths's competitors an unfair competitive advantage by offering them insight into Smiths's product management and customer relations practices. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' confidential or proprietary business information or confidential information re Smiths' product management and disclosure of same would not give competitors an unfair advantage. |
| Page 38: for the . . . *cartridge*. | Same. | Same. | Same. | Same. |
| Page 38: identified . . . discontinued. | Same. | Same. | Same. | Same. |
| Page 38: the text following the words "the 2015 | Same. | Same. | Same. | Same. |

47

| | | | | |
|---|---|---|---|---|
| notice" and preceding the words "regarding when" | | | | |
| Page 38: the text following the words "Smiths told" and preceding the words "Ex. 462 at 918" | Same. | Same. | Same. | Same. |
| ECF No. 109:<br>Expert Report of Mohan Rao, Ph.D. in Support of Plaintiffs' Motion for Preliminary Injunction | | | | |
| In its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their ongoing research and development efforts. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing Smiths Medical and UTC ongoing, proprietary | The portions sought to be sealed are confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. UTC is only seeking to seal its confidential and proprietary information, while all other | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP*, No. 11-7593, 2014 U.S. Dist. LEXIS 39581, |

| | | development efforts. | information will remain public. | at 8* (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| ECF No. 110: Expert Report of John M. Collins, Ph.D. in Support of Plaintiffs' Motion for Preliminary Injunction | | | | |
| In its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their ongoing research and development efforts. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing Smiths Medical and UTC ongoing, proprietary development efforts. | The portions sought to be sealed are confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. UTC is only seeking to seal its confidential and proprietary information, while all other information will remain public. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP*, No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| ECF No. 112: Declaration of Ethan Glass in Support of Plaintiffs' Motion for Preliminary Injunction | | | | |

| | | | | |
|---|---|---|---|---|
| Exhibit 56, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, pricing, and contracts. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | The portions sought to be sealed are confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. UTC is only seeking to seal its confidential and proprietary information, while all other information will remain public. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP*, No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 57, in its entirety | This material contains information relating to UTC's | The disclosure of UTC's confidential and proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

| | confidential and proprietary business information regarding its relationships with Smiths Medical and various specialty distributors, as well as UTC's ongoing contract negotiations with Smiths Medical. | business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract terms with Smiths Medical and with various specialty distributors, as well as the future contract plans between UTC and Smiths Medical. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP*, No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 58, in its entirety | This material contains information relating to UTC's confidential and proprietary business information | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire |

| | regarding its contract negotiating strategy and its relationships with Smiths Medical and various specialty distributors. | unfair competitive advantage by offering them insight into UTC's contract negotiating processes and its relationships with Smiths Medical and with various specialty distributors. | | document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 59, in its entirety | Same | Same | Same | Same |
| Exhibit 60, in its entirety | Same | Same | Same. | Same |
| Exhibit 61, in its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding its negotiation and | The disclosure of UTC and Smith Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive | Same. | Same. |

| | distribution practices. | advantage by revealing their negotiating practices. | | |
|---|---|---|---|---|
| Exhibit 62, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 65, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 66, in its entirety | This material contains information relating to confidential and proprietary business information regarding Smiths Medical's customers, including purchasing information. | The disclosure of Smiths Medical's confidential and proprietary business information will give competitors unfair competitive advantage by offering insight into the demand for a product in various international markets. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 67, in its entirety | This material contains information | The disclosure of UTC's confidential and | Same. | Plaintiffs object to Defendants' Motion |

| | relating to UTC's confidential and proprietary business information regarding its customers, pricing, and contracts. | proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 68, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business | The disclosure of Smiths Medical's confidential business information will give competitors an unfair competitive | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the |

| | information relating to the demand for its products over time and business decisions of what to do with the product line moving forward. | advantage by disclosing the purchase volumes for a Smiths Medical product. | | least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 69, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies, its customer lists, and its sales projections. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product development and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | investments; it will also reveal UTC's customer lists and sales projections, giving competitors a further advantage. | | |
|---|---|---|---|---|
| Exhibit 73, in its entirety | This material contains information relating to Smith Medical's confidential and proprietary business information regarding its inventory levels, projections, and sales information. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into Smiths Medical's business decisions; it will also reveal Smiths Medical's inventory and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | sales projections, giving competitors a further advantage. | | |
|---|---|---|---|---|
| Exhibit 74, in its entirety | This material contains information relating to Smith Medical's confidential and proprietary business information regarding its projections for sales and when they expect supplies for a product to run out. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into Smiths Medical's inventory and sales projections, giving competitors an advantage including | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | timeline information. | | |
|---|---|---|---|---|
| Exhibit 75, in its entirety | This material contains information relating to Smith Medical's confidential and proprietary business information regarding its inventory levels, projections, and sales information. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into Smiths Medical's business decisions; it will also reveal Smiths Medical's inventory and sales projections, giving competitors a further advantage. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 77, in its entirety | This material contains | The disclosure of Smiths Medical's | Same. | Plaintiffs object to Defendants' Motion |

| | information relating to Smiths Medical's confidential and proprietary business information regarding its purchase of raw materials for the development of its products, including pricing, quantities, and suppliers of those materials. | confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by revealing Smiths Medical's raw materials supplier, the prices it pays, and its internal decision-making processes with respect to acquiring raw materials. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 78, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 79, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 80, in its entirety | Same | Same | Same | Same |
| Exhibit 82, in its entirety | This information contains information relating to | The disclosure of Smiths Medical and UTC's confidential and | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as |

|  | confidential and proprietary business information regarding contractual terms between Smiths Medical and UTC. | proprietary business information will give their competitors an unfair advantage by revealing their private contracts, allowing competitors to negotiate similar or more favorable terms. |  | "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 83, in its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding the costs of making capital improvements, | The disclosure of Smith Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing pricing information, | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler &* |

| | pricing information, profit margins, projected revenue figures, and contract terms. | allowing competitors to negotiate a price to undercut the current contract. | | *Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 84, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its negotiation practices. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 85, in its entirety | Same. | Same. | Same. | Same. |

| Exhibit 86, in its entirety | Same. | Same. | Same. | Same. |
|---|---|---|---|---|
| Exhibit 87, in its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their customer lists and product supplies. | The Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing customer lists and product supplies, allowing customers to attempt to undercut Smiths Medical and UTC. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 88, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 89, in its entirety | This material contains information relating to Smiths Medical and UTC's | The disclosure of Smiths Medical and UTC's confidential and proprietary business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire |

| | confidential and proprietary business information regarding their customer lists, product supplies, and ongoing new research and development efforts. | information will give their competitors an unfair advantage by revealing customer lists and product supplies, allowing customers to attempt to undercut Smiths Medical and UTC, as well as revealing Smiths Medical and UTC's ongoing proprietary product development and corresponding business strategies. | | document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 90, in its entirety | This material contains information relating to Smiths Medical's confidential and | The disclosure of Smiths Medical's confidential and proprietary business information will | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire |

| | proprietary business information regarding its negotiation and contracting practices. | give Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | | document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 91, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business relationships and contractual relationships. | The disclosure of Smiths Medical's confidential and proprietary business information will damage Smiths Medical's by revealing their internal deliberations regarding how they manage | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. |

| | | customer relationships. | | Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 92, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding contracting and negotiations with customers. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give competitors an unfair competitive advantage by offering them insight into the business strategies of Smiths Medical and UTC. | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 93, in its entirety | Same. | Same. | Same | Same. |
| Exhibit 95, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 96, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 97, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 98, in its entirety | Same. | Same. | Same. | Same. |

| Exhibit 99, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding contracting, negotiations with customers, and development initiatives. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give competitors an unfair competitive advantage by offering them insight into the business strategies of Smiths Medical and UTC regarding supply initiatives. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 100, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly |

| | | | | |
|---|---|---|---|---|
| | proprietary business information regarding contracting and negotiations with customers. | give competitors an unfair competitive advantage by offering them insight into the business strategies of Smiths Medical and UTC. | | broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 151, in its entirety | Same. | Same. | Same | Same. |
| Exhibit 152, in its entirety | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding the status of negotiations with customers and distributors. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC and Smiths's contractual arrangements, | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 |

| | | negotiating processes, and distribution strategies with customers and distributors. | | 2014). |
|---|---|---|---|---|
| Exhibit 153, in its entirety | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding the status of negotiations with existing and potential and customers. | The disclosure of Smith's confidential and proprietary business information will give Smiths's competitors an unfair competitive advantage by offering them insight into Smiths's internal deliberations regarding customer relations and business strategy. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| Exhibit 154, in its entirety | This material contains confidential information related to Smiths Medical's offer to license one of its products and the business arrangement between UTC and Smiths Medical. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give competitors an unfair competitive advantage by offering them insight into the business decisions of Smiths Medical. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 155, in its entirety | This material contains confidential information on the inventory levels and production capabilities of Smiths Medical. | The disclosure of Smiths Medical's confidential and proprietary business information will give competitors an unfair advantage by offering them | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as |

| | | insight into the production levels of Smiths Medical, allowing them to potentially use this information in making their own business decisions. | | required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 156, in its entirety | This material contains UTC's confidential and proprietary information related to new product development and business strategy and potential contracts with Smiths Medical. | The disclosure of UTC's confidential and proprietary business information will give competitors an unfair advantage by offering them insight into the UTC's development efforts of new products that are yet to be | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 |

|  |  | launched and strategic relationships. |  | 2014). |
|---|---|---|---|---|
| Exhibit 201, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding contracting, pricing, and revenue projections. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products. | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 202, in its entirety | This material contains information relating to UTC's confidential and proprietary business information | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the |

| | | | | |
|---|---|---|---|---|
| | regarding its customers, pricing, and contracts. | unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | | least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 203, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its negotiation practices. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler &* |

| | | | | |
|---|---|---|---|---|
| | | negotiating practices and allowing competitors to undercut those practices. | | *Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 205, in its entirety | Same | Same. | Same. | Same. |
| Exhibit 206, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 207, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 208, in its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their customer lists and product supplies. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing customer lists and product supplies, allowing customers to attempt to contact and steal their customers. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| Exhibit 209, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its contract drafting and negotiation practices. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 210, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 211, in its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the |

|  | business information regarding their internal negotiating and contract drafting practices, as well as information regarding their customer lists and product pricing. | competitors an unfair advantage by revealing their negotiating practices as well as their customer lists, allowing competitors to undercut those tactics and contact those customers. |  | least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 251, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies and its sales projections. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. |

|  |  | product development and investments; it will also reveal UTC's sales projections, giving competitors a further advantage. |  | Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 254, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 257, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies, its customer lists, and its sales projections. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 |

| | | development and investments; it will also reveal UTC's customer lists and sales projections, giving competitors a further advantage. | | 2014). |
|---|---|---|---|---|
| Exhibit 314, in its entirety | This material contains confidential information relating to UTC's launch of a new product. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair advantage into UTC's business development and may also cause reputational harm. | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 401, in its entirety | This material contains | The disclosure of UTC and Smiths | Same. | Plaintiffs object to Defendants' Motion |

| | information relating to Smiths Medical and UTC's confidential and proprietary business information regarding its business decisions and investments. | Medical's confidential and proprietary business information will give competitors an unfair competitive advantage by offering them insight into the Smiths Medical and UTC's investment and business strategies. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 402, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its joint development of new products. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local |

| | | offering them insight into the UTC's ongoing research and development efforts of new products that are yet to be launched. | | Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 405, in its entirety | This material contains UTC and Smiths Medical's confidential and proprietary business information related to customers, development plans, raw materials, sales projections and forecasts. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give competitors an unfair advantage by offering them insight into UTC and Smiths Medical's business strategies and customer base. | Same | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| Exhibit 407, in its entirety | This material contains information relating to Smith Medical's confidential and proprietary business information regarding its negotiation and contract-drafting processes. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 455, in its entirety | Same | Same | Same | Same |
| Exhibit 456, in its entirety | This material contains information related to Smiths Medical's confidential and proprietary | The disclosure of this information will give Smiths Medical's competitors an unfair advantage by revealing the | Same | Same |

| | business information regarding its customers. | identity of their customers and details of their distribution process. | | |
|---|---|---|---|---|
| Exhibit 457, in its entirety | Same | Same | Same | Same |
| Exhibit 458, in its entirety | This material contains information relating to UTC and Smiths's confidential and proprietary business information regarding the status of negotiations with customers and distributors. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC and Smiths's contractual arrangements, negotiating processes, and distribution | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | strategies with customers and distributors. | | |
|---|---|---|---|---|
| Exhibit 459, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its contract negotiations, relationships with customers, contract drafting, and international market demand. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give Smiths Medical and UTC's competitors an unfair advantage by giving competitors insight into the demand for the products in various countries and the parties' negotiation practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 460, in its entirety | This material contains | The disclosure of Smiths Medical's | | Plaintiffs object to Defendants' Motion |

|  | information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its business relationships and customers. | confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by giving competitors insight into Smiths Medical's active business relationships, including the terms of its agreements with its business partners, as well as its customer list. |  | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 462, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly |

| | business information regarding its manufacturing and sales projections. | Medical's competitors an unfair advantage by giving competitors insight into Smiths Medical's anticipated production and demand for its products. | | broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 463, in its entirety | This material contains information relating to Smith Medical's confidential and proprietary business information regarding its negotiation and contract-drafting processes. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating practices and allowing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 |

| | | competitors to undercut those practices. | | 2014). |
|---|---|---|---|---|
| Exhibit 464, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business relationships and customers. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by giving competitors insight into Smiths Medical's active business relationships, including the terms of its agreements with its business partners, as well as its customer list. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 465, in its entirety | Same | Same | Same | Same |

| Exhibit 466, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation and contracting practices. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 467, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 468, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 469, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 470, in its entirety | Same. | Same. | Same. | Same. |

| Exhibit 471, in its entirety | Same. | Same. | Same. | Same. |
|---|---|---|---|---|
| Exhibit 472, in its entirety | This material contains information relating Smiths Medical's confidential and proprietary business information regarding its negotiation and contracting practices. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their contracts, allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 474, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 475, in its entirety | This material contains information relating to UTC and Smiths | The disclosure of UTC and Smiths Medical's confidential and proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

|  | Medical's confidential and proprietary business information regarding its negotiation and contracting practices. | business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing competitors to undercut those practices. |  | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 476, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 477, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 478, in its entirety | This material contains information related to Smiths Medical and UTC's confidential and proprietary | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive |

| | | | |
|---|---|---|---|
| | business information regarding inventory levels, contracts, and distribution processes. | competitors an unfair advantage by revealing their internal business processes, including contract terms. | | alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 479, in its entirety | This material contains information related to Smiths Medical's confidential and proprietary business information regarding inventory levels, contracts, and distribution processes. | The disclosure of Smiths Medical's confidential and proprietary business information will give their competitors an unfair advantage by revealing Smiths Medical's internal business processes, including contract terms. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 480, in its entirety | This material contains information | The disclosure of UTC and Smiths Medical's | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

89

| | relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation and contracting practices. | confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing competitors to undercut those practices. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 481, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 482, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 483, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 484, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 485, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 486, in its entirety | Same. | Same. | Same. | Same. |

| Exhibit 488, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation and contracting practices. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 489, in its entirety | This material contains information related to UTC and Smiths Medical's | The disclosure of UTC and Smiths Medical's confidential and proprietary business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly |

| | confidential and proprietary business information regarding inventory levels, contracts, and distribution processes. | information will give their competitors an unfair advantage by revealing their internal business processes, including contract terms. | | broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 490, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation and contracting practices. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

|  |  | competitors to undercut those practices. |  |  |
|---|---|---|---|---|
| Exhibit 491, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 492, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 498, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation, customers, and contracting practices. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing competitors to | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | undercut those practices. | | |
|---|---|---|---|---|
| Exhibit 701, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding prices, profit margins, projected revenue figures, forecasts, business strategies, and other strategic information. | The disclosure of UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing pricing and market share information, allowing competitors to negotiate a price and formulate strategies to undercut UTC. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 702, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 703, in its entirety | This material contains information | The disclosure of Smiths Medical and UTC's | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

| | relating to confidential and proprietary business information regarding a contract between UTC and Smiths Medical. | confidential and proprietary business information will give their competitors an unfair advantage by revealing their contract terms, allowing competitors to negotiate more favorable terms and undercut UTC and/or Smiths Medical. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 705, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding business strategy, | The disclosure of UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as |

| | customers, pricing information, inventory, and contracts. | customer and other sensitive information, allowing competitors formulate strategies to undercut UTC. | | required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 706, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation, customers, and contracting practices. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and contract practices and allowing competitors to | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

|  |  | undercut those practices. |  |  |
|---|---|---|---|---|
| Exhibit 707, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 708, in its entirety | This material contains information related to UTC's confidential and proprietary business information regarding inventory levels and distribution processes. | The disclosure of UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing UTC's internal business processes. | Same. | Same. |
| Exhibit 712, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding prices, | The disclosure of UTC's confidential and proprietary business information will give their competitors an unfair advantage | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive |

| | profit margins, projected revenue figures, forecasts, business strategies, and other strategic information. | by revealing pricing and revenue information, allowing competitors to negotiate a price and formulate strategies to undercut UTC. | | alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 722, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, pricing, and contracts. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 |

| | | as by allowing UTC's competitors to access UTC's customer list and contracting terms. | | 2014). |
|---|---|---|---|---|
| Exhibit 723, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 724, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 725, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 1002, in its entirety | This material contains confidential and proprietary business information about Smiths Medical's customer and its business arrangement with the customer. | The disclosure of Smiths Medical's confidential and proprietary business information will give competitors an unfair advantage by offering them insight into Smiths Medical's business agreements with customers. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | | |
|---|---|---|---|
| Exhibit 1004, in its entirety | This material contains confidential and proprietary business information about Smiths Medical's inventory, forecasted sales, customer information, finances, and other proprietary information. | The disclosure of Smiths Medical's confidential and proprietary business information will give competitors an unfair advantage by offering them insight into Smiths Medical's customers, finances, sales, and other information that could potentially give competitors an unfair advantage. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1006, in its entirety | This material contains information relating to UTC's confidential and proprietary | The disclosure of UTC's confidential and proprietary business information will | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire |

| | business information regarding its settlement of potential patent disputes with generic competitors. | give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's settlement strategies, allowing competitors to exploit that information in future patent challenges. | | document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 1007, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation and | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler &* |

| | contracting practices. | advantage by revealing their negotiating and contract practices and allowing competitors to undercut those practices. | | *Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 1008, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its negotiation and drafting practices. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give UTC and Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating and drafting practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| Exhibit 1009, in its entirety | This material contains information relating to UTC and Smiths Medical's confidential and proprietary business information regarding its distributions and customer identities. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing their customers, potentially allowing competitors to target them in an attempt to undercut UTC and Smith Medical's business. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1010, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 1011, in its entirety | This material contains | The disclosure of UTC's | Same. | Plaintiffs object to Defendants' Motion |

| | information relating to UTC's confidential and proprietary business information regarding its inventory levels and number of patients. | confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing their inventory levels and demand for their products to allow competitors to determine how to best compete. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1012, in its entirety | Same. | Same. | Same. | Same. |
| Exhibit 1016, in its entirety | This material contains information relating to UTC's confidential and proprietary business information | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the |

| | regarding its business strategy, market share, risk assessments, and new development plans. | unfair competitive advantage by revealing their innovative products that are still in development as well as other internal strategies, giving competitors an unfair advantage. | | least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 1017, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business strategy, market share, and risk assessments. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing their internal strategies | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. |

| | | and market share information, giving competitors an unfair advantage to potentially use the information to undercut them in the marketplace. | | 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 1018, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its customer base. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing information about their customers. | | Same. |
| Exhibit 1019, in its entirety | This material contains | The disclosure of UTC's | Same. | Plaintiffs object to Defendants' Motion |

| | information relating to UTC's confidential and proprietary business information regarding its contract and negotiation practices, inventory, customers, and business strategy. | confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing their internal processes on contracting for devices for its customers. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 1020, in its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding its contract and | The disclosure of Smiths Medicals and UTC's confidential and proprietary business information will give their competitors an unfair competitive advantage by | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local |

| | negotiation practices, new product development, and business strategy. | revealing their innovative products that are still in development as well as other internal strategies. | | Rule 5.3(c)." *Brock Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at \*8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit A, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, sales figures, and research and | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at \*8 (D.N.J. Mar. 24 |

| | development efforts. | strategies, as well as its proprietary | | 2014). |
|---|---|---|---|---|
| Exhibit B, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, sales figures, and research and development efforts. | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, as well as its proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit C, in its entirety | This material contains information relating to UTC's confidential and | The disclosure of UTC's confidential and proprietary business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

| | proprietary business information regarding its business agreements, customer lists, and long-term business strategy. | information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies. | | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit D, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, and | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. |

| | research and development efforts. | business relationships and strategies, as well as its proprietary research and development projects. | | Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit E, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy and forecasts, pricing, sales figures, and research and | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, pricing decisions, and its proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | development efforts. | research and development projects. | | |
|---|---|---|---|---|
| Exhibit F, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its long-term business strategy and forecasts, pricing, sales figures, and research and development efforts. | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, pricing decisions, and its proprietary research and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | development projects. | | |
|---|---|---|---|---|
| Exhibit G, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| Exhibit H, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, pricing, customer lists, long-term business strategy, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit I, in its entirety | This material contains information relating to Smiths | The disclosure of Smiths Medical's confidential and proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as |

| | Medical's confidential and proprietary business information regarding its business agreements, customer lists, inventory, and research and development efforts. | business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | | "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit J, in its entirety | This material contains information relating Smiths Medical's confidential and proprietary business information | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive |

| | regarding its business agreements, customer lists, long-term business strategy, and research and development efforts. | competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | | alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit K, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, research and development | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. |

| | efforts, and long-term business strategy. | business relationships and strategies. | | 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit L, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, and long-term business strategy. | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit N, in its entirety | This material contains information related to UTC | The disclosure of UTC and Smiths Medical's confidential and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as |

| | and Smiths Medical's confidential and proprietary business information regarding its business agreements, market information, and investments. | proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC and Smiths Medical's ongoing business relationships and strategies. | | "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| ECF No. 122: Defendants' Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction | | | | |
| Page 5:  Figure following "supplying their" and preceding "business" | This material contains information relating to UTC's and Smiths' confidential | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by | The information sought to be sealed is confidential and proprietary and there is no way to protect this information except | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business |

| | business information. | disclosing sensitive financial information and would destroy the economic value UTC and Smiths derived or derive from this confidential and proprietary information. | by sealing to prevent public disclosure.  UTC and Smiths are only seeking to seal their confidential and proprietary information, while all other information will remain public. | information. The revenue UTC brings in from Remodulin is public information made available in SEC filings and on investor calls and the disclosure of same would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 5:  Word following "specialty pharmacies like" | This material contains information relating to Smith's confidential business relationships. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive business relationships and would destroy the economic value Smiths derived or derives from this confidential and | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors |

|  |  | proprietary information. |  | an unfair competitive advantage. |
|---|---|---|---|---|
| Page 5:  Figure following "could produce" and preceding "pumps and" | This material contains information relating to UTC's and Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 5:  Figure following "pumps and" and preceding "cartridges" | This material contains information relating to UTC's and Smiths' | The disclosure of such information would give an unfair advantage to UTC's and | Same. | No objection. |

| | confidential business information. | Smiths' competitors by disclosing sensitive production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 6:  Figure following "to produce" and preceding "pumps" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive production figures and contract terms and would destroy the economic | Same. | No objection. |

| | | value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 6:  Figure following "pumps and" and preceding "cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive production figures and contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| Page 6: Words following "to sell a" and preceding "to legacy customers" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive production figures and contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | |
| Page 6: Figure following "to pay Smiths" and preceding "up front" | This material contains information relating to UTC's and Smiths' confidential business | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by | Same. | No objection. |

| | information and agreements. | disclosing sensitive pricing data and contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 6:  Figure following "total of up to" and preceding "for pumps" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive pricing data and contract terms and would destroy the economic value UTC and Smiths | Same. | No objection. |

| | | derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 6:  Figure following "and up to" and preceding "for cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive pricing data and contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |

| Page 7:  Figures following "as many as" and preceding "additional cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive production figures and contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 7:  Figure and sentence following "Rhodes Decl. ¶" | This material contains information relating to UTC's and Smiths' confidential business | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any |

| | information and agreements. | disclosing sensitive contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | contract terms at all and the disclosure of this information will not give competitors any unfair competitive advantage. |
|---|---|---|---|---|
| Page 7:  Figure following "non-Remodulin sales to" and preceding "cartridges per year" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive production figures and contract terms and would destroy the economic value UTC and Smiths derived or | Same. | No objection. |

| | | derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 8:  Finally, . . . ¶ 11. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re sensitive contract terms and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 8:  Figure following "Once Smiths exhausted its" and preceding cartridge allocation" | This material contains information | The disclosure of such information would give an | Same. | No objection. |

| | relating to UTC's and Smiths' confidential business information and agreements. | unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 8:  Words following "Remodulin-only through" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and business | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers is neither |

| | | relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 8–9:  On January . . . 2018, | This material contains information relating to UTC's and Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive information on the status of Smiths' contracts and relationships with specialty pharmacies and would destroy the economic value | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re Smiths' contracts, and in fact, only identifies the date in January 2018 that a certain contract was signed. The disclosure of that date will not give competitors any unfair competitive |

|  |  | UTC and Smiths derived or derive from these confidential and proprietary materials. |  | advantage. |
|---|---|---|---|---|
| Page 9:  Word following "One customer" and preceding "had bought over" | This material contains information relating to Smiths' confidential business relationships. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive customer information and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 9:  Figure following "had bought over" and preceding "cartridges for" | This material contains information | The disclosure of such information would give an | Same. | No objection. |

|  | relating to Smiths' confidential business information. | unfair advantage to Smiths' competitors by disclosing sales information and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. |  |  |
|---|---|---|---|---|
| Page 9:  On . . . ¶ 17. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by the status of contractual agreements and would destroy the economic value UTC and Smiths derived or derive | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re the status of contractual agreements and the disclosure of same will not give competitors any |

| | | from these confidential and proprietary materials. | | unfair competitive advantage. |
|---|---|---|---|---|
| Page 9:  Words following "To protect against that" and preceding "UTC could approve" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and information and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any contract terms, at all, and the disclosure of this information will give competitors any unfair competitive advantage. |
| Page 9:  Citation following "sales to Remodulin patients" | This material contains | The disclosure of such information | Same. | Plaintiffs object on the basis that the information is neither |

| | information relating to UTC's and Smiths' confidential business information and agreements. | would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and information and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | confidential nor proprietary. The information does not disclose any "confidential business information" because it merely references a declaration submitted by Defendants' in support of their opposition brief, the contents of which were partially filed publicly by Defendants, and disclosure will not give competitors an unfair advantage. |
| Page 10:  Figure following "with only" and preceding "cartridges remaining" | This material contains information relating to UTC's and Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive inventory | Same. | No objection. |

| | | figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 10:  UTC . . . to cartridges, | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and information and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re sensitive contractual terms and the disclosure of same will not give competitors any unfair competitive advantage. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 10:  Those . . . 2017. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and information and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re sensitive contractual terms and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 11:  The . . . delivery."). | This material contains information relating to UTC's | The disclosure of such information would give an unfair advantage | Same. | Plaintiffs object on the basis that the information is neither confidential nor |

| | confidential business information and agreements. | to UTC's competitors by disclosing sensitive contract terms and information and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | | proprietary. The information does not disclose any "confidential business information" re sensitive contractual terms as part of the information is from a RareGen document, and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 13, footnote 3:  nor could . . . –10. | This material contains information relating to Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing the status of sensitive business relationships and information and would destroy the economic value | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "confidential business information," and disclosure of Smiths' "status of sensitive business relationships" from |

| | | Smiths derived or derives from these confidential and proprietary materials. | | 2018 will not give competitors any unfair competitive advantage. |
|---|---|---|---|---|
| Page 18: 1073 ("half . . . :18. | This material contains information relating to UTC's and Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive information regarding the status of various delivery systems and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | Plaintiffs object to Defendants' Motion to Seal all but the words following "Ex. 1079" as it is a less restrictive alternative to sealing and that is the only portion that contains confidential information regarding the "status of various delivery systems. No other information is confidential or proprietary, nor would disclosure of that information provide competitors an unfair advantage. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 28:  Indeed, . . . 6–15. | This material contains information relating to Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive information regarding pump development and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "pump development" as the information concerns events that happened more than 10 years ago and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 29:  Figure following "committed over' and preceding "to produce" | This material contains information relating to UTC's and Smiths' | The disclosure of such information would give an unfair advantage to UTC's and | Same. | No objection. |

| | confidential business information and agreements. | Smiths' competitors by disclosing sensitive contract terms and pricing information and would destroy the economic value UTC and Smiths' derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 29:  Figure following "produce up to" and preceding "of them" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy | Same. | No objection. |

| | | the economic value UTC and Smiths' derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 29:  Figure following "more than" and preceding "pumps that use" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths' derived or derive from these confidential and | Same. | No objection. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 30:  Contrary . . . at 32. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms, production figures, and pricing information and would destroy the economic value UTC and Smiths' derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object to Defendants' Motion to Seal all but the two words following "paid", the word following "manufacture" and the word following "pumps and" as it is a less restrictive alternative to sealing and that is the only portion that contains sensitive contract terms. No other information is confidential or proprietary, nor would disclosure of that information provide competitors an unfair advantage. |
| Page 31:  Words following "sold to Remodulin-only through" | This material contains | The disclosure of such information | Same. | Plaintiffs object on the basis that this statement contains no |

| | | | | |
|---|---|---|---|---|
| | information relating to UTC's and Smiths' confidential business information and agreements. | would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | information about Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 33, footnote 14: Plaintiffs . . . Amendment). | This material contains information relating to UTC's and Smiths' confidential business | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re |

| | information and agreements. | terms and business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | sensitive contract terms as the information is merely a combination of Plaintiffs' assertion and statements by Smiths' fact witnesses, and the disclosure will not give competitors any unfair advantage. |
|---|---|---|---|---|
| Page 33, footnote 14: Word following "Excluding" and preceding "or anyone else" | This material contains information relating to Smiths' confidential business relationships. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive customer information and would destroy the economic value Smiths derived or derives from these confidential and | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers or potential customers is neither confidential nor proprietary and disclosure of that identity would not |

| | | proprietary materials. | | give competitors an unfair advantage. |
|---|---|---|---|---|
| Page 34: "Smiths . . . at 34, | This material contains information relating to Smiths' confidential business relationships. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive profit margin information and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business relationships" or "sensitive profit margin information," and disclosure of same will not give competitors any unfair competitive advantage. |
| Page 34:  Figure preceding "per Cartridge" | This material contains information relating to UTC's and Smiths' confidential | The disclosure of such information would give an unfair advantage to Smiths' competitors by | Same. | No objection. |

| | business agreements. | disclosing sensitive pricing information and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 34:  Words following "speculation it can" and preceding "is unsupported" | This material contains information relating to Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive financial information relating to profit margin and would destroy the economic value Smiths derived or derives from these | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" or "sensitive financial information," and disclosure of same will not give competitors any unfair competitive advantage. |

| | | confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 35:  whether . . . platforms. | This material contains information relating to UTC's confidential business information. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive strategic planning and inventory management information and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object to Defendants' Motion to Seal all but the word following "for a" as it is a less restrictive alternative to sealing and that is the only portion that contains confidential information regarding "strategic planning and inventory management" No other information is confidential or proprietary, nor would disclosure of that information provide competitors an unfair advantage. |
| Page 35, footnote 15:  But the record . . . 1075. | This material contains information | The disclosure of such information would give an | Same. | Plaintiffs object to Defendants' Motion to Seal all but the |

| | relating to UTC's confidential business information. | unfair advantage to UTC's competitors by disclosing sensitive inventory and sales figures and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | | word and figure following "actually has" as it is a less restrictive alternative to sealing and that is the only portion that contains "sensitive inventory and sales figures." No other information is confidential or proprietary, nor would disclosure provide competitors an unfair advantage. |
| --- | --- | --- | --- | --- |
| Page 36:  Here, . . . Fig. 8,[16] | This material contains information relating to UTC's confidential business information. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive pricing information and would destroy the economic value UTC derived or | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive pricing information" as the information is already |

| | | derives from these confidential and proprietary materials. | | publicly available, and disclosure will not give competitors any unfair advantage. |
|---|---|---|---|---|
| Pages 36–37, footnote 17: Plaintiffs' expert . . . at any point. | This material contains information relating to UTC's confidential business information. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive pricing information and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive pricing information" as the information is already publicly available, and disclosure will not give competitors any unfair advantage. |
| ECF No. 124:<br>Expert Report of Dnyanesh Talpade<br>in Support of Defendants' Opposition to Defendants' Motion for a Preliminary Injunction | | | | |

| In its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding its business relationships, business strategy, contract negotiations, manufacturing operations, and ongoing research and development efforts. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give Smiths Medical and UTC's competitors an unfair competitive advantage by offering them insight into Smiths Medical and UTC's business relationships and strategies, as well as revealing their innovative products that are still in development as | The portions sought to be sealed are confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. UTC and Smiths Medical are only seeking to seal its confidential and proprietary information, while all other information will remain public. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|

| | | well as other internal strategies. | | |
|---|---|---|---|---|
| ECF No. 125:<br>Expert Report of Eric M. Gaier, Ph.D.<br>in Support of Defendants' Opposition to Defendants' Motion for a Preliminary Injunction | | | | |
| In its entirety | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding its business relationships, business strategy, contract negotiations, manufacturing operations, and | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give Smiths Medical and UTC's competitors an unfair competitive advantage by offering them insight into Smiths Medical and UTC's | The portions sought to be sealed are confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. UTC and Smiths Medical are only seeking to seal its confidential and proprietary information, while all other information will remain public. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | ongoing research and development efforts. | business relationships and strategies, as well as revealing their innovative products that are still in development as well as other internal strategies. | | |
|---|---|---|---|---|
| ECF No. 126<br>Declaration of Beth Rhodes in Support of Defendants'<br>Opposition to Plaintiffs' Motion for a Preliminary Injunction | | | | |
| Page 3:  Word following "a company called" and preceding "was using about" | This material contains information relating to Smiths' confidential business relationships. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive customer information and would destroy the economic value | The information sought to be sealed is confidential and proprietary and there is no way to protect this information except by sealing to prevent public disclosure.  Smiths Medical is only | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor |

| | | Smiths derived or derives from these confidential and proprietary materials. | seeking to seal its confidential and proprietary information, while all other information will remain public. | proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 3: Figure following "was using about" and preceding "cartridges per year" | This material contains information relating to Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing sensitive sales information and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | Same. | No objection. |
| Page 3: Word following "later learned that" and | This material contains | The disclosure of such information | Same. | Plaintiffs object on the basis that this |

| preceding "was using those cartridges" | information relating to Smiths' confidential business relationships. | would give an unfair advantage to Smiths' competitors by disclosing sensitive customer information and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | | statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair advantage. |
|---|---|---|---|---|
| Page 3: Figure following "In addition to the" and preceding "cartridges to which it had committed" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy | Same. | No objection. |

| | | the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 4:  Figure following "an additional" and preceding "cartridges for a total" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | No objection. |

|  |  | proprietary materials. |  |  |
|---|---|---|---|---|
| Page 4:  Figure following "at least" and preceding "(and perhaps as many as" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 4:  Figure following "and perhaps as many as" and preceding ");" | This material contains information relating to UTC's | The disclosure of such information would give an unfair advantage | Same. | No objection. |

| | and Smiths' confidential business information and agreements. | to UTC's and Smiths' competitors by disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 4:  Because . . . use only. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and business relationships and | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive contract |

| | | would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | terms," and the disclosure of same will not give competitors any unfair competitive advantage. |
|---|---|---|---|---|
| Page 4: On July . . . Ex. 57 | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and the status of Smiths' agreements and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive contract terms," and the disclosure of same will not give competitors any unfair competitive advantage. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 5:  We . . . of Ex. 1109). | This material contains information relating to UTC's confidential business information. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive tracking and sales information and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive tracking and sales," and the disclosure of same will not give competitors any unfair competitive advantage. |
| Page 6:  (graph) | This material contains information relating to UTC's confidential | The disclosure of such information would give an unfair advantage to UTC's competitors by | Same. | No objection. |

| | business information. | disclosing sensitive tracking and sales information and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 6:  Figure following "allocation of" and preceding "cartridges for sale" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or | Same. | No objection. |

| | | derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 7:  In November . . . other than Remodulin. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory status and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive contract terms," the information is from 2018, and the disclosure of the information will not give competitors any unfair competitive advantage. |
| Page 7:  Smiths . . . Remodulin only, | This material contains | The disclosure of such information | Same. | Plaintiffs object on the basis that the |

| | | | | |
|---|---|---|---|---|
| | information relating to UTC's and Smiths' confidential business information and agreements. | would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "sensitive contract terms," the information is from 2018, and the disclosure of the information will not give competitors any unfair competitive advantage. |
| Page 7:  made . . . that we | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive communications | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re |

| | | | | |
|---|---|---|---|---|
| | | and business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | "sensitive communications," the information is from 2018, and the disclosure of the information will not give competitors any unfair competitive advantage. |
| Page 8: Figure following "Smiths had a" and preceding "allocation of cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory status and would destroy the economic value UTC and Smiths derived or derive from these | Same. | No objection. |

| | | confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 8:  Words following "through Smiths" and preceding "Since all remaining" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 8:  Words following "made sense for Smiths" and preceding "to occupy a place" | This material contains information relating to UTC's | The disclosure of such information would give an unfair advantage | Same. | Plaintiffs object on the basis that this statement contains no information about |

| | and Smiths' confidential business information and agreements. | to UTC's and Smiths' competitors by disclosing sensitive business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Attachment A, in its entirety. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive business relationships, sales figures, and inventory status | Same. | No objection. |

| | | and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | . |
|---|---|---|---|---|
| Attachment B, in its entirety. | This material contains information relating to UTC's confidential business information. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive sales figures and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | Same. | No objection. |

ECF No. 127

| Declaration of Chris Quinn in Support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction | | | | |
|---|---|---|---|---|
| Page 4:  Figures between "was between" and "for 12" | This material contains information relating to Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing the cost of re-engineering delivery platforms and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | The information sought to be sealed is confidential and proprietary and there is no way to protect this information except by sealing to prevent public disclosure.  Smiths is only seeking to seal its confidential and proprietary information, while all other information will remain public. | No objection. |
| Page 4:  Figure between "would produce" and "MS 3" | This material contains information relating to UTC's and Smiths' confidential | The disclosure of such information would give an unfair advantage to UTC's and Smiths' | Same. | No objection. |

| | business information and agreements. | competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 4:  Figure between "pumps and" and "MS" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give  an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic | Same. | No objection. |

| | | value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 4:  Figure between "payment of" and "and to purchase" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and pricing figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |

| Page 5:  Figure between "including the" and "advance payment" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and pricing figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| --- | --- | --- | --- | --- |
| **ECF No. 128** <br> **Declaration of Carl Stamp in Support of Defendants'** <br> **Opposition to Plaintiffs' Motion for a Preliminary Injunction** | | | | |
| Page 2:  the . . . "). | This material contains | The disclosure of such information | The information sought to be sealed | Plaintiffs object on the basis that this |

| | information relating to UTC's confidential business information. | would give an unfair advantage to UTC's competitors by disclosing sensitive customer relationships would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | is confidential and proprietary and there is no way to protect this information except by sealing to prevent public disclosure.  UTC is only seeking to seal its confidential and proprietary information, while all other information will remain public. | statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 2:  Words following "Then and now," and preceding "provide patients" | This material contains information relating to UTC's and Smiths' confidential business information. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive customer relationships and would destroy the | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of UTC's customers is neither confidential nor |

| | | economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 4: Figure following "to produce" and preceding "pumps to" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | No objection. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 4:  Words following "distributor like" and preceding "Ex. 67" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and customer relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 4:  Word following "§ 5." and preceding "bought" | This material contains information | The disclosure of such information would give an | Same. | Plaintiffs object on the basis that this statement contains no |

| | relating to Smiths' confidential business information. | unfair advantage to Smiths' competitors by disclosing sensitive customer relationships would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | | information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 4:  Figure following "to produce" and preceding "cartridges for" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic | Same. | No objection. |

| | | value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 4:  Figure following "the additional" and preceding "pumps planned" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| Page 5:  Words following "United States to" and preceding "the two" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and customer relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 7:  Figure following "to make" and preceding "cartridges for" | This material contains information relating to UTC's and Smiths' confidential | The disclosure of such information would give an unfair advantage to UTC's and Smiths' | Same. | No objection. |

| | business information and agreements. | competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 7:  Figure following "production of up to" and preceding "cartridges." | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic | Same. | No objection. |

| | | value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 7:  Figure following "could sell" and preceding "cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| Page 7:  Figure following "sold" and preceding "cartridges in a given" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 7:  Figure following "the supply of" and preceding "unrestricted" | This material contains information relating to UTC's and Smiths' confidential business | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| | information and agreements. | disclosing sensitive contract terms and inventory figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
| Page 7:  Figure following "§1.b. The" and preceding "unrestricted cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths | Same. | No objection. |

| | | derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 7:  Figure following "to sell" and preceding "unrestricted" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |

| | | | | |
|---|---|---|---|---|
| Page 7:  Figure following "above the" and preceding "cartridges that" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 7:  Figure following "flexibility to sell" and preceding "unrestricted" | This material contains information relating to UTC's and Smiths' confidential business | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by | Same. | No objection. |

|  |  | disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. |  |  |
| --- | --- | --- | --- | --- |
| Page 7:  In the Second . . . § 1.f. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and would destroy the economic value UTC and Smiths derived or derive | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," the information does not disclose any confidential information re "sensitive contract |

| | | from these confidential and proprietary materials. | | terms," and disclosure will not give competitors an unfair advantage. |
|---|---|---|---|---|
| Page 7:  Figure following "sold over" and preceding "of the" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and sales figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 7:  Final figure on Page 7 | This material contains | The disclosure of such information | Same. | No objection. |

| | information relating to UTC's and Smiths' confidential business information and agreements. | would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and production figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 8: UTC sought assurances . . . patients. | This material contains information relating to UTC's and Smiths' confidential business | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business |

| | information and agreements. | terms and communications with customers and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | information," the information does not disclose any confidential information re "sensitive contract terms," and disclosure will not give competitors an unfair advantage. |
|---|---|---|---|---|
| Page 8:  From the word after "33." to "intentions, Smiths would" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and communications with customers and would destroy the economic value UTC and | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," the information does not disclose any confidential information re "sensitive contract terms," and |

| | | Smiths derived or derive from these confidential and proprietary materials. | | disclosure will not give competitors an unfair advantage. |
|---|---|---|---|---|
| Page 8:  Word following "its customer," and preceding "restricted" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and communications with customers and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," the information does not disclose any confidential information re "sensitive contract terms," and disclosure will not give competitors an unfair advantage. |

| Page 8:  Smiths negotiated . . . to Remodulin. | This material contains information relating to Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing the negotiation of sensitive contract terms and communications with customers and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," the information does not disclose any confidential information re "sensitive contract terms," and disclosure will not give competitors an unfair advantage. |
| Page 8:  From the word after "35." to "below." | This material contains information relating to Smiths' confidential | The disclosure of such information would give an unfair advantage to Smiths' competitors by | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of |

| | business information and agreements. | disclosing sensitive contract terms and communications with customers and would destroy the economic value Smiths derived or derives from these confidential and proprietary materials. | | Defendants' customers is not "proprietary business information," the information does not disclose any confidential information re "sensitive contract terms," and disclosure will not give competitors an unfair advantage. |
|---|---|---|---|---|
| Page 8: From December . . . effectively address. | This material contains information relating to Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to Smiths' competitors by disclosing internal strategy and resource constraints and would destroy the economic value Smiths derived or | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The identity of Defendants' customers is not "proprietary business information," the information does not disclose any confidential information re |

| | | derives from these confidential and proprietary materials. | | "sensitive contract terms," and disclosure will not give competitors an unfair advantage. |
|---|---|---|---|---|
| ECF No. 129<br>Declaration of Michael Benkowitz in Support of Defendants'<br>Opposition To Plaintiffs' Motion For A Preliminary Injunction | | | | |
| Page 2:  We . . . cartridges. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive communications and contract terms and would destroy the economic value UTC and Smiths derived or derive from these | The information sought to be sealed is confidential and proprietary and there is no way to protect this information except by sealing to prevent public disclosure.  UTC and Smiths are only seeking to seal their confidential and proprietary information, while all other | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "contract terms," and the disclosure of same will not give competitors any unfair competitive advantage. |

| | | confidential and proprietary materials. | information will remain public. | |
|---|---|---|---|---|
| Page 3: to curtail . . . nausea. | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that the information is neither confidential nor proprietary. The information does not disclose any "confidential business information" re "contract terms," the information was made public by Smiths via an End of Life notice, and disclosure of the information will not give competitors any unfair advantage. |
| Page 4:  Word following "supply agreements with" and preceding "and" | This material contains information relating to UTC's | The disclosure of such information would give an unfair advantage | Same. | Plaintiffs object on the basis that this statement contains no information about |

| | and Smiths' confidential business information and agreements. | to UTC's and Smiths' competitors by disclosing sensitive contract terms and business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 4:  Word following "and" and preceding "to limit use" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and business relationships and | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor |

| | | would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| ECF No. 130<br>Declaration of Kevin T. Gray in Support of Defendants'<br>Opposition to Plaintiffs' Motion for a Preliminary Injunction | | | | |
| Page 2:  Words following "relationships with the" and preceding "and" | This material contains information relating to UTC's and confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive business relationships and would destroy the economic value UTC derived or derives from these | The information sought to be sealed is confidential and proprietary and there is no way to protect this information except by sealing to prevent public disclosure.  UTC is only seeking to seal its confidential and proprietary | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not |

|  |  | confidential and proprietary materials. | information, while all other information will remain public. | give competitors an unfair competitive advantage. |
|---|---|---|---|---|
| Page 2: Words following "and" and preceding "(collectively, "the Specialty Pharmacies")." | This material contains information relating to UTC's and confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's competitors by disclosing sensitive business relationships and would destroy the economic value UTC derived or derives from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |
| Page 2: Figure following "Smiths had sold the" and preceding "CADD-MS 3 pumps" | This material contains information relating to UTC's and Smiths' | The disclosure of such information would give an unfair advantage to UTC's and | Same. | No objection. |

| | confidential business information and agreements. | Smiths' competitors by disclosing sensitive production figures and contract terms and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 2:  Figure following "for any use" and preceding "CADD-MS 3 cartridges" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory figures and would destroy | Same. | No objection. |

| | | the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 3:  Figure following "was reaching the final" and preceding "of its" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | No objection. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 3:  Figure following "of its" and preceding "cartridge allocation" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | No objection. |
| Page 3:  Figure following "approximately" and preceding "cartridges that were" | This material contains information relating to UTC's | The disclosure of such information would give an unfair advantage | Same. | No objection. |

| | and Smiths' confidential business information and agreements. | to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory figures and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
| --- | --- | --- | --- | --- |
| Page 3:  Figure following "actively selling its" and preceding "cartridge allocation" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and inventory figures | Same. | No objection. |

| | | and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | | |
|---|---|---|---|---|
| Page 3:  Word preceding "also asked to insert the date" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |

| | | proprietary materials. | | |
|---|---|---|---|---|
| Page 3:  Word following "while" and preceding "was content to leave" | This material contains information relating to UTC's and Smiths' confidential business information and agreements. | The disclosure of such information would give an unfair advantage to UTC's and Smiths' competitors by disclosing sensitive contract terms and business relationships and would destroy the economic value UTC and Smiths derived or derive from these confidential and proprietary materials. | Same. | Plaintiffs object on the basis that this statement contains no information about Smiths' or UTC's confidential or proprietary business information. The identity of Smiths' customers is neither confidential nor proprietary and disclosure of that identity would not give competitors an unfair competitive advantage. |

ECF No. 131, 132, 133
Declaration of Edward C. Barnidge in Support of Defendants'
Opposition to Plaintiffs' Motion for a Preliminary Injunction

| Exhibit 55, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, pricing, and contracts. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | Confidential and proprietary information pervades this document, which warrants sealing the document in its entirety. There is no way to protect this information except by sealing the entire document to prevent public disclosure. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 56, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 57, in its entirety. | This material contains | The disclosure of UTC's | Same. | Plaintiffs object to Defendants' Motion |

| | information relating to UTC's confidential and proprietary business information regarding its relationships with Smiths Medical and various specialty distributors, as well as UTC's ongoing contract negotiations with Smiths Medical. | confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into UTC's contract terms with Smiths Medical and with various specialty distributors, as well as the future contract plans between UTC and Smiths Medical. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 58, in its entirety. | This material contains information relating to UTC's confidential and proprietary business | The disclosure of UTC's confidential and proprietary business information will give UTC's | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly |

| | information regarding its contract negotiating strategy and its relationships with Smiths Medical and various specialty distributors. | competitors an unfair competitive advantage by offering them insight into UTC's contract negotiating processes and its relationships with Smiths Medical and with various specialty distributors. | | broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 67, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, pricing, and contracts. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. |

| | | for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | | 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 69, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies, its customer lists, and its sales projections. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product development and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

|  |  | investments; it will also reveal UTC's customer lists and sales projections, giving competitors a further advantage. |  |  |
|---|---|---|---|---|
| Exhibit 77, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its purchase of raw materials for the development of its products, including pricing, quantities, and suppliers of those materials. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by revealing Smiths Medical's raw materials supplier, the prices it pays, and its internal decision-making processes with respect to | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | acquiring raw materials. | | |
|---|---|---|---|---|
| Exhibit 78, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 79, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 89, in its entirety. | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their customer lists, product supplies, and ongoing new research and development efforts. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing customer lists and product supplies, allowing customers to attempt to undercut Smiths Medical and UTC, as well as revealing Smiths Medical and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | UTC's ongoing proprietary product development and corresponding business strategies. | | |
|---|---|---|---|---|
| Exhibit 202, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, pricing, and contracts. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | access UTC's customer list and contracting terms. | | |
|---|---|---|---|---|
| Exhibit 205, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its negotiation practices. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 206, in its entirety. | This material contains information relating to UTC's | The disclosure of UTC's confidential and proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as |

| | confidential and proprietary business information regarding its negotiation practices. | business information will give UTC's competitors an unfair competitive advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | | "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 208, in its entirety. | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing customer lists and product supplies, | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. |

| | customer lists and product supplies. | allowing customers to attempt to contact and steal their customers. | | 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 211, in its entirety. | This material contains information relating to Smiths Medical and UTC's confidential and proprietary business information regarding their internal negotiating and contract drafting practices, as well as information regarding their customer lists and product pricing. | The disclosure of Smiths Medical and UTC's confidential and proprietary business information will give their competitors an unfair advantage by revealing their negotiating practices as well as their customer lists, allowing competitors to undercut those tactics and contact those customers. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | | | |
|---|---|---|---|---|
| Exhibit 257, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies, its customer lists, and its sales projections. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product development and investments; it will also reveal UTC's customer lists and sales projections, giving competitors a further advantage. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 264, in its entirety. | Same. | Same. | Same. | Same. |

| Exhibit 265, in its entirety. | Same. | Same. | Same. | Same. |
|---|---|---|---|---|
| Exhibit 402, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its joint development of new products. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's ongoing research and development efforts of new products that are yet to be launched. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 404, in its entirety. | This material contains information relating to Smiths Medical's confidential and | The disclosure of Smiths Medical's confidential and proprietary business information will | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire |

| | proprietary business information regarding its customer relationships. | give Smiths Medical's competitors an unfair competitive advantage by offering them insight into the Smiths Medical's customer lists and relationships, allowing competitors to attempt to undermine or jeopardize those relationships. | | document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 407, in its entirety. | This material contains information relating to Smith Medical's confidential and proprietary business information regarding its | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local |

| | negotiation and contract-drafting processes. | advantage by revealing their negotiating practices and allowing competitors to undercut those practices. | | Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 408, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its purchase of raw materials for the development of its products, including pricing, quantities, and | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by revealing Smiths Medical's raw materials supplier, the prices it pays, and its internal decision-making processes with respect to | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | suppliers of those materials. | acquiring raw materials. | | |
|---|---|---|---|---|
| Exhibit 462, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its manufacturing and sales projections. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair advantage by giving competitors insight into Smiths Medical's anticipated production and demand for its products. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 464, in its entirety. | This material contains information relating to Smiths Medical's | The disclosure of Smiths Medical's confidential and proprietary business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

| | confidential and proprietary business information regarding its business relationships and customers. | information will give Smiths Medical's competitors an unfair advantage by giving competitors insight into Smiths Medical's active business relationships, including the terms of its agreements with its business partners, as well as its customer list. | | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 465, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 722, in its entirety. | This material contains information relating to UTC's confidential and proprietary | The disclosure of UTC's confidential and proprietary business information will | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire |

| | business information regarding its customers, pricing, and contracts. | give UTC's competitors an unfair competitive advantage by offering them insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | | document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 723, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 724, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 725, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 1006, in its entirety. | This material contains information relating to UTC's confidential and | The disclosure of UTC's confidential and proprietary business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

217

| | proprietary business information regarding its settlement of potential patent disputes with generic competitors. | information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's settlement strategies, allowing competitors to exploit that information in future patent challenges. | | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| Exhibit 1070, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local |

| | | | | |
|---|---|---|---|---|
| | pricing, and contracts. | insight into the prices UTC pays for its products and charges to its end-users, as well as by allowing UTC's competitors to access UTC's customer list and contracting terms. | | Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1071, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its customer list. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by allowing UTC's competitors to access UTC's customer list. | Same. | Same. |

| Exhibit 1072, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its customers, pricing, product supplies, and ongoing development efforts. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by allowing UTC's competitors to access UTC's customer lists, understand its pricing decisions, and will give UTC's competitors insight into UTC's ongoing development efforts. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 1073, in its entirety. | This material contains information | The disclosure of UTC's confidential and | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

| | relating to UTC's confidential and proprietary business information regarding its research and development activities in finding and building new delivery systems. | proprietary business information will give UTC's competitors an unfair competitive advantage by giving UTC's competitors insight into its ongoing research and development and allowing UTC's competitors the opportunity to free-ride on UTC's investments. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1074, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly |

| | business information regarding its customer lists, active orders, and supplies, as well as its plans for future customer relationships. | Medical's competitors an unfair competitive advantage by offering them access to Smiths Medical's customer relationships and business relationships, as well as insight into Smiths Medical's future customer plans. | | broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 1075, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing their | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local |

| | | | |
|---|---|---|---|
| | negotiation practices. | negotiating practices and allowing competitors to undercut those practices. | | Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1076, in its entirety. | This material contains information, prepared by counsel, relating to UTC's confidential and proprietary business information regarding its relationship with Smiths Medical, its contract negotiations with Smiths Medical, and its research and development efforts | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by revealing its confidential development relationship with Smiths Medical, thus revealing the terms of its contracts and its ongoing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | concerning to delivery systems. | development efforts. | | |
|---|---|---|---|---|
| Exhibit 1077, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies, its customer lists, and its sales projections. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product development and investments; it will also reveal UTC's customer lists and sales projections, giving | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | competitors a further advantage. | | |
|---|---|---|---|---|
| Exhibit 1078, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its customer lists, sales figures, and product discontinuation plans and strategy. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by offering them insight into the Smiths Medical's customer lists, annual sales, and its business decision-making processes. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1079, in its entirety. | This material contains information relating to Smiths | The disclosure of Smiths Medical's confidential and proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as |

| | | | | |
|---|---|---|---|---|
| | Medical's confidential and proprietary business information regarding its processes for internal product research and development. | business information will give Smiths Medical's competitors an unfair competitive advantage by offering them insight into Smiths Medical's processes and plans for the development of new and proprietary technologies. | | "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1081, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local |

| | development and business strategies, its customer lists, and its sales projections. | offering them insight into the UTC's business decisions concerning new product development and investments; it will also reveal UTC's customer lists and sales projections, giving competitors a further advantage. | | Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1082, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its processes for internal product | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler &* |

| | research and development. | insight into Smiths Medical's processes and plans for the development of new and proprietary technologies. | | *Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit 1083, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its contract negotiations and license offers. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by offering them insight into Smiths Medical's negotiating processes and license offers, allowing | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | competitors to undercut those strategies. | | |
|---|---|---|---|---|
| Exhibit 1084, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 1085, in its entirety. | Same. | Same. | Same. | Same. |
| Exhibit 1091, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding pricing and sales data. | The disclosure of Smiths Medical's confidential and proprietary business information will give Smiths Medical's competitors an unfair competitive advantage by offering them insight into Smiths Medical's pricing and sales data, allowing competitors the opportunity to | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

|  |  | undercut those prices. |  |  |
|---|---|---|---|---|
| Exhibit 1104, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its internal product development and business strategies. | The disclosure of UTC's confidential and proprietary business information will give UTC's competitors an unfair competitive advantage by offering them insight into the UTC's business decisions concerning new product development and investments. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit 1109, in its entirety. | This material contains information relating to Smiths Medical and | The disclosure of Smiths Medical and UTC's confidential and proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

| | UTC's confidential and proprietary business information regarding their sales data and customer lists. | business information will give their competitors an unfair competitive advantage by offering them access to Smiths Medical and customer lists and sales data, allowing competitors to target those customers. | | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit A, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock* |

| | customer lists, long-term business strategy and forecasts, pricing, sales figures, and research and development efforts. | insight into UTC's ongoing business relationships and strategies, pricing decisions, and its proprietary research and development projects. | | *v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit B, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its long-term business strategy and forecasts, pricing, sales figures, and research and | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, pricing decisions, and its proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | development efforts. | research and development projects. | | |
|---|---|---|---|---|
| Exhibit E, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit F, in its entirety. | This material contains information | The disclosure of UTC and Smiths Medical's | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

| | related to UTC and Smiths Medical's confidential and proprietary business information regarding its business agreements, market information, and investments. | confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC and Smiths Medical's ongoing business relationships and strategies. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit G, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler &* |

| | pricing, customer lists, long-term business strategy, and research and development efforts. | Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | | *Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit H, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, and long-term business strategy. | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit I, in its entirety. | This material contains information | The disclosure of UTC's confidential and | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

| | relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, research and development efforts, and long-term business strategy. | proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit J, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. |

| | and long-term business strategy. | relationships and strategies. | | Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit L, in its entirety. | This material contains information relating Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit M, in its entirety. | This material contains information related to UTC | The disclosure of UTC and Smiths Medical's confidential and | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as |

| | and Smiths Medical's confidential and proprietary business information regarding its business agreements, market information, and investments. | proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC and Smiths Medical's ongoing business relationships and strategies. | | "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit N, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. |

| | business strategy, and research and development efforts. | relationships and strategies, as well as its proprietary research and development projects. | | 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit T, in its entirety. | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, inventory, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| Exhibit U, in its entirety. | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, sales figures, and research and development efforts. | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|

**ECF No. 136-1:**
**Amended Exhibit T to Declaration of Edward C. Barnidge**
**in Support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction**

| Amended Exhibit T, in its entirety | This material contains | The disclosure of Smiths Medical's | The portions sought to be sealed are | Plaintiffs object to Defendants' Motion |
|---|---|---|---|---|

| | information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, inventory, and research and development efforts. | confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | confidential and proprietary and there is no way to protect these materials except by sealing to prevent public disclosure. Smiths Medical is only seeking to seal its confidential and proprietary information, while all other information will remain public. | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| --- | --- | --- | --- | --- |
| ECF No. 137: Plaintiffs' Supplemental Evidence in Support of Motion for Preliminary Inunction | | | | |
| Exhibit AAA, in its entirety | This material contains information relating UTC's confidential and | The disclosure of UTC's confidential and proprietary business | The portions sought to be sealed are confidential and proprietary and there is no way to | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

| | proprietary business information regarding its business agreements, customer lists, long-term business strategy and forecasts, pricing, sales figures, and research and development efforts. | information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, pricing decisions, and its proprietary research and development projects. | protect these materials except by sealing to prevent public disclosure. UTC is only seeking to seal its confidential and proprietary information, while all other information will remain public. | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit BBB, in its entirety | This material contains information relating UTC's confidential and proprietary business information regarding its long- | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive |

| | term business strategy and forecasts, pricing, sales figures, and research and development efforts. | competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, pricing decisions, and its proprietary research and development projects. | | alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit EEE, in its entirety | This material contains information relating Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. |

| | long-term business strategy, and research and development efforts. | Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | | 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit FFF, in its entirety | This material contains information related to UTC and Smiths Medical's confidential and proprietary business information regarding its business agreements, market information, revenues, profits, and investments. | The disclosure of UTC and Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC and Smiths Medical's ongoing business relationships and strategies. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | | | |
|---|---|---|---|---|
| Exhibit GGG, in its entirety | This material contains information relating Smiths Medical's confidential and proprietary business information regarding its business agreements, pricing, customer lists, long-term business strategy, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit HHH, in its entirety | This material contains information relating UTC's confidential and | The disclosure of UTC's confidential and proprietary business | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request |

| | proprietary business information regarding its business agreements, customer lists, and long-term business strategy. | information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies. | | to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit III, in its entirety | This material contains information relating to UTC's confidential and proprietary business information regarding its business agreements, customer lists, research and development efforts, and long- | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business | Same. | Same. |

| | term business strategy. | relationships and strategies. | | |
|---|---|---|---|---|
| Exhibit LLL, in its entirety | This material contains information relating Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Exhibit MMM, in its entirety | This material contains information | The disclosure of UTC and Smiths Medical's | Same. | Plaintiffs object to Defendants' Motion to Seal the document |

| | related to UTC and Smiths Medical's confidential and proprietary business information regarding its business agreements, market information, and investments. | confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC and Smiths Medical's ongoing business relationships and strategies. | | in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit NNN, in its entirety | This material contains information relating UTC's confidential and proprietary business information regarding its business agreements, customer lists, | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler &* |

| | long-term business strategy, and research and development efforts. | insight into UTC's ongoing business relationships and strategies, as well as its proprietary research and development projects. | | *Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
|---|---|---|---|---|
| Exhibit UUU, in its entirety | This material contains information relating to Smiths Medical's confidential and proprietary business information regarding its business agreements, customer lists, inventory, and research and development efforts. | The disclosure of Smiths Medical's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into Smiths Medical's ongoing business relationships and strategies, as well as its proprietary | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |

| | | research and development projects. | | |
|---|---|---|---|---|
| Exhibit VVV, in its entirety | This material contains information relating UTC's confidential and proprietary business information regarding its business agreements, customer lists, long-term business strategy, sales figures, and research and development efforts. | The disclosure of UTC's confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies, as well as its proprietary research and development projects. | Same. | Plaintiffs object to Defendants' Motion to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |
| Appendix A – Plaintiffs' Rebuttal Evidence | This material contains | The disclosure of UTC's | Same. | Plaintiffs object to Defendants' Motion |

| | information relating UTC's confidential and proprietary business information regarding its business agreements, long-term business strategy, customer relationships, and development efforts. | confidential and proprietary business information will give its competitors an unfair competitive advantage by offering them insight into UTC's ongoing business relationships and strategies. | | to Seal the document in its entirety as "Defendants' request to seal the entire document is overly broad and not the least restrictive alternative, as required by Local Rule 5.3(c)." *Brock v. Pressler & Pressler, LLP,* No. 11-7593, 2014 U.S. Dist. LEXIS 39581, at *8 (D.N.J. Mar. 24 2014). |