UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED THERAPEUTICS CORP., *et ano.*,<br><br>Defendants. | Civil Action No.: 19-cv-10170<br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING DEFENDANTS' REQUESTS FOR ADDITIONAL DISCOVERY RELATING TO CELL PHONE TEXT MESSAGES OF PLAINTIFF'S CUSTODIANS** |

**LINARES, J.**

This matter comes before the Special Master by way of a Letter dated October 23, 2020 ("Letter") from counsel for Defendants United Therapeutics Corporation and Smiths Medical ASD, Inc., requesting additional discovery relating to cell phone text messages of Plaintiff Sandoz, Inc.'s custodians. The Special Master has reviewed the submissions, including the October 30, 2020 Response from Plaintiff Sandoz, Inc., and subsequent communications between counsel for the parties, and the relevant controlling law. For the reasons set forth below, the Special Master hereby **GRANTS IN PART** and **DENIES IN PART** the discovery requests set forth by Defendants in the Letter.

## I. INTRODUCTION

The Special Master presumes that the parties are familiar with the facts surrounding the underlying action and claims. Accordingly, the Special Master will only recite the relevant procedural and factual background necessary to dispose of the dispute at hand.

ME1 34976685v.2

Defendants seek additional discovery with respect to cell phone text messages from three custodians of Plaintiff Sandoz, Inc. Specifically, Defendants are requesting that Sandoz be compelled "to provide specific discovery into what evidence might have been spoliated and how, whether the harm might be mitigated in some way, and what other relief is warranted." Letter, at p. 2. Defendants are not requesting the imposition of sanctions at this time.

Defendants assert that three Sandoz custodians have information relevant to Plaintiffs' alleged failure to secure their own delivery device for generic treprostinil and their decision to rush into the market without adequate preparation that would aid in showing that Defendants did not foreclose Plaintiffs from any market. With respect to each custodian, Defendants allege the following:

1) Vanessa MacGregor changed the settings on her work cell phone to auto-delete text messages four months after the Complaint was filed. Thereafter, she lost her phone.

2) Vatsal Shah left his employment with Sandoz two weeks after the Complaint was filed and returned his work cell phone. Sandoz erased the contents of his phone.

3) Sunny Khurana was added to Sandoz's litigation hold in March 2020. In June 2019, two month after the Complaint was filed, Sandoz erased the contents of Mr. Khurana's old work cell phone and issued him a new one.

Defendants seek an Order from the Special Master compelling Sandoz to (i) produce each of the three witnesses for a special deposition not to exceed three hours limited to inquiry into the cell phone issues raised in their Letter, which would not be counted against the number of depositions in the current discovery order, and (ii) responding to 59 questions and document requests set forth in Exhibit 1 to their Letter.

2

Sandoz, on the other hand, argues that the appropriate avenue for Defendants to inquire into these topics is during ordinary depositions of any of these three custodians, subject to the assertion of any applicable privilege.

With respect to Ms. MacGregor, Sandoz states that on July 15, 2020, in the course of conducting merits-phase discovery, a third-party discovery vendor imaged Ms. MacGregor's cell phone. On July 27, 2020, Ms. MacGregor reported to Sandoz that her cell phone was missing. On July 29, 2020, Sandoz learned that the forensic image of Ms. MacGregor's cell phone revealed that it had been set to preserve text messages for only 30 days. Sandoz's counsel notified Defendants' counsel of these developments on August 18, 2020. Thereafter, in an effort to restore any potentially lost information from Ms. MacGregor's phone, Sandoz retained two forensic mobile device experts to review the image of her phone. Sandoz also imaged phones from five additional employees who are not custodians but may have received text messages from Ms. MacGregor, in addition to providing additional cell-phone records and reports and information in response to Defendants' requests.

Sandoz asserts that it had no duty to preserve mobile phone data of Mr. Shah because at the time of the litigation hold in April 2019, Sandoz had no reason to believe Mr. Shah had substantive text messages concerning his work on treprostinil. As to Mr. Khurana, Sandoz asserts it had no duty to preserve because he is not a "key player." Sandoz further argues that Defendants' request for additional discovery is not proportional to the needs of the case, largely pointing to its efforts to respond to Defendants' questions and restore or replace potentially missing text messages, as well as the lack of text messages produced by defendant UTC.[1]

---

[1] The Special Master acknowledges Sandoz's arguments that Defendants may have their own issues with respect to preserving or not preserving mobile phone data. However, Defendants' actions are not presently before the Special Master for consideration for any specific relief.

By letter dated November 20, 2020, Sandoz's counsel advised Defendants' counsel that Ms. MacGregor was no longer employed by Sandoz and was not being represented by Alston & Bird.

## II. DISCUSSION

The submissions and extensive exhibits from both parties detail Defendants' efforts to obtain additional information with respect to these matters and Sandoz's efforts to provide responsive information. While the Special Master has no reason to doubt that counsel for Sandoz has been forthcoming and transparent in disclosing to counsel for Defendants the instances surrounding each custodian's cell phone, there are circumstances that warrant further discovery into these matters.

A. <u>Request for Additional Written Discovery</u>

A review of some relevant dates provides important context to this discussion. The Complaint was filed on April 16, 2019. Ms. MacGregor and Mr. Shah were added to Sandoz's litigation hold on April 12, 2019. Mr. Khurana was added to Sandoz's litigation hold in March 2020. These facts are not in dispute.

<u>Ms. MacGregor</u>: Defendants assert that Ms. MacGregor was the Director of Specialty Pharmacy at Sandoz and was a primary point of contact in contract negotiations with CVS and Accredo. In that role, Defendants argue, she would have knowledge about Plaintiffs' alleged failure to secure their own delivery device before launching generic treprostinil. Text messages produced by Sandoz show that Ms. MacGregor did communicate with Sandoz executives via text messages on topics relating to launch of the generic and delivery devices.

At some point in time, Ms. MacGregor changed the settings on her work cell phone to auto-delete text messages after 30 days. While the parties dispute whether it can be ascertained

when the setting was changed, the fact remains that when Ms. MacGregor's phone was collected and processed, it only contained messages for the period after June 15, 2020. Thereafter, her cell phone was lost or misplaced.

The Special Master recognizes that Sandoz has already provided substantial information in response to Defendants' requests about Ms. MacGregor's cell phone, and disagrees with Defendants' general contention that Sandoz has dragged its feet or refused to respond. In fact, the record is clear that Sandoz has responded to Defendants' multiple requests for information. However, given the questions surrounding the 30-day message retention setting on Ms. MacGregor's cell phone, and the fact that the phone subsequently went missing, additional but limited written discovery is not unreasonable and does not create an undue burden, particularly where, as here, discovery is ongoing. Accordingly, the Special Master holds that Defendants are entitled to responses to its written requests for Ms. MacGregor <u>with the limitations set forth below</u>.

<u>Mr. Shah</u>: Defendants assert Mr. Shah was added to Sandoz's litigation hold on April 12, 2019, before the Complaint was filed on April 16, 2019. Defendants argue that as Associate Director for US Pipeline and Launch Management, he was a key person within the treprostinil launch team and would have relevant information concerning Sandoz's efforts in securing a supply of subcutaneous pumps and cartridges, a central issue in the case. Documents produced by Sandoz suggest Mr. Shah may have exchanged text messages with other Sandoz employees about treprostinil launch issues.

Sandoz states that Mr. Shah left the company on April 29, 2019, 13 days after the complaint in this case was filed, and returned his company issued phone. Sandoz states that it was not aware that Mr. Shah had substantive texts related to treprostinil on his device. Pursuant

to company policy, when Mr. Shah returned his cell phone, Sandoz then wiped the contents of his cell phone.

Given the timing of events relating to Mr. Shah's cell phone, the fact that he was on Sandoz's litigation hold since April 12, 2019, and that he may have had relevant information relating to Plaintiffs' alleged failure to secure their own delivery device for generic treprostinil on his cell phone, the Special Master finds that additional <u>limited</u> written discovery as to Mr. Shah's cell phone is warranted and would not create an undue burden.

In reaching this conclusion at this stage of the case, the Special Master need not reach the issue of whether Sandoz had a duty to preserve Mr. Shah's mobile phone data, whether that duty was reasonably foreseeable, or what the scope of that duty may be, if it exists.  Those questions go to a determination on the merits as to whether or not there was spoliation and, if so, what remedies may be imposed.  Defendants are not seeking a determination at this time on the issue of whether or not there has been spoliation and what sanctions may be appropriate.  Rather, Defendants are requesting that Sandoz be compelled "to provide specific discovery into what evidence *might have been spoliated and how*, whether the harm might be mitigated in some way, and what other relief is warranted." Letter, at p. 2 (emphasis added).

While Sandoz states it did not know that Mr. Shah would have text messages relevant to this case at the end of his employment, the question remains whether Sandoz should have known. *See*, *e.g.*, *Blue Sky Travel & Tours, LLC v. Al Tayyar*, 606 F. App'x 689, 698 (4th Cir. 2015) (reversing spoliation finding for trial court to ascertain date by which defendant knew or should have known a category of documents could be relevant); *see also, Bull v. United Parcel Serv., Inc.,* 665 F.3d 68, 73 (3d Cir. 2012) (discussing "reasonably foreseeable" aspect of duty to preserve).  The Special Master is persuaded that there are open questions about whether Sandoz

ME1 34976685v.2

should have known that information that may be relevant to claims or defenses in this action were contained on Mr. Shah's mobile phone before it was wiped, questions that warrant additional limited discovery as set forth below.

Mr. Khurana:  Sandoz states that on June 4, 2019, it issued Mr. Khurana his current cell phone (an iPhone 8) which was intended to replace his old cell phone (an iPhone 6).  The iPhone 6 was wiped and disposed of pursuant to company policy.  Sandoz collected, reviewed and produced text messages from Mr. Khurana's iPhone 8.

Sandoz asserts that Mr, Khurana is not a "key player" in the case and thus it had no duty to preserve text messages that may have existed on his old cell phone.  Sandoz argues that Mr. Khurana had no day-to-day responsibility or decision making authority for treprostinil and served only in a supporting financial role.  The cell phone replacement occurred almost 9 months before Mr. Khurana was added to Sandoz's litigation hold list in March 2020 (and only then because he appeared on UTC's initial disclosure list in March 2020).

Defendants, on the other hand, assert in general terms that Mr. Khurana, as Executive Director of Finance, played an important role in the launch of generic treprostinil.  Defendants cite to three exhibits (19, 23, and 24).  After reviewing these three exhibits, two of which are emails and none of which make a convincing connection to the issue on which Defendants claim to need the additional discovery (Plaintiffs' alleged failure to secure their own delivery device for generic treprostinil), the Special Master is not persuaded that additional written discovery is warranted with respect to Mr. Khurana's cell phone.

B.  Request For Special 3-hour Depositions

For the reasons set forth above, the Special Master also finds that a special 3-hour deposition of each custodian on topics related to cell phone text messages is not warranted.

These topics can be further explored during the standard deposition of each witness. However, because any previous limitations on depositions did not envision issues that have arisen now, the Special Master holds that, for each of the three custodians above, Defendants shall be granted an additional hour beyond the standard, seven-hours for a deposition, to inquire into these topics.

### III.   CONCLUSION

With respect to Ms. MacGregor, the Special Master holds that Sandoz shall respond to Question #1 on Exhibit 1 to Defendants' Letter. Sandoz has already provided a response to Question #2 in its October 30, 2020 Letter at footnote 2. Sandoz does not have to provide a written response to Question #3, as it seeks information protected from disclosure by the attorney client privilege and/or work product doctrine.

With respect to Mr. Shah, the Special Master holds that Defendants shall be limited to 10 questions from those listed on Exhibit 1 to the Letter and shall identify those 10 questions on which it seeks a response from Sandoz. Sandoz shall respond to those 10 questions and reserves the right to object to any question on the basis of attorney-client privilege, work product or any other basis provided for by the FRCP. On this point, the Special Master notes that a handful of the questions on Exhibit 1 seek information that is likely protected from disclosure by the attorney-client privilege or the work product doctrine. If a dispute arises that cannot be resolved by the parties with respect to those 10 identified questions, either party may raise it before the next conference with the Special Master. This holding does not foreclose Defendants from exploring other questions on Exhibit 1 during a standard deposition of Mr. Shah.

With respect to Mr. Khurana, the Special Master denies Defendants' request for additional written discovery relating to his cell phone messages. This holding does not foreclose

Defendants from exploring any questions on Exhibit 1 during a standard deposition of Mr. Khurana.

In addition, for each of the three custodians above, the Special Master holds that Defendants shall be granted an additional hour beyond the standard, seven-hours for a deposition, to inquire into the topics identified in their Letter and Exhibit 1, subject to the assertion of any applicable privilege.

### IV.  ORDER

For the foregoing reasons, it is on this 7th  day of December 2020,

**ORDERED** that Defendants requests in their October 23, 2020 Letter are hereby GRANTED in part and DENIED in part; and it is further

**ORDERED** that with respect to Ms. MacGregor, Sandoz shall respond to Question #1 on Exhibit 1 to Defendants' Letter within 5 days; and it is further

**ORDERED** that with respect to Mr. Shah, Defendants shall identify 10 questions from those listed on Exhibit 1 to its Letter on which it seeks a response from Sandoz.  Sandoz shall respond to those 10 questions within 10 days and reserves the right to object to any question on the basis of attorney-client privilege, work product or any other basis provided for by the FRCP; and it is further

**ORDERED** that Defendants' request for additional written discovery with respect to Mr. Khurana is denied; and it is further

**ORDERED** that Defendants' request to compel special 3-hour depositions for each Sandoz custodian relating to cell-phone text messages is denied; and it is further

**ORDERED** that with respect to Ms. MacGregor, Mr. Shah and Mr. Khurana, Defendants shall have on additional hour beyond the standard seven-hour deposition, to inquire into topics set forth in their Letter and Exhibit 1 thereto.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　/s/ *Jose L. Linares*　　　　　　　　　

　　　　　　　　　　　　　　　　　　　　Hon. Jose L. Linares, U.S.D.J. (Ret.)

Date: December 7, 2020