# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDOZ, INC., *et ano.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED THERAPEUTICS CORP., *et ano.*,<br><br>　　　　　　Defendants. | Civil Action No.: 19-cv-10170<br><br>**OPINION AND ORDER OF THE SPECIAL DISCOVERY MASTER REGARDING DEFENDANT'S MOTION TO COMPEL PLAINTIFF RAREGEN TO PRODUCE CONTEXTUAL TEXT MESSAGES** |

**LINARES, J.**

This matter comes before the Special Master by way of a Letter dated April 28, 2021 ("Motion") from counsel for Defendant United Therapeutics Corporation ("UTC") seeking an Order compelling Plaintiff RareGen, LLC to produce additional context related cell phone text messages. The Special Master has reviewed the submissions, including the May 3, 2021 Opposition from RareGen, and the relevant controlling law. For the reasons set forth below, the Special Master hereby **GRANTS** the relief requested by the UTC.

## I.　　DISCUSSION

The Special Master presumes that the parties are familiar with the facts surrounding the underlying action and claims. Accordingly, the Special Master will only recite the relevant procedural and factual background necessary to dispose of the dispute at hand.

UTC seeks an Order compelling plaintiff RareGen to produce contextual text messages according to the same rules adhered to by UTC and Sandoz and consistent with the Special

Master's March 29, 2021 Order. UTC asserts that RareGen has produced text messages that only hit on specific search terms and has objected to producing context-related messages, even though UTC and Sandoz have already done so. UTC argues that these text messages that lack any surrounding text messages to place them in context involve topics that are relevant to UTC's defenses, including Plaintiffs' alleged failure to negotiate a cartridge deal with Smiths and Plaintiffs' decision to launch generic treprostinil without a subcutaneous option. UTC argues it is simply asking that all of the parties be treated in the same manner.

RareGen does not dispute the relevancy of the contextual text messages. Rather, it argues that UTC's request is untimely because it did not file the instant Motion before the close of fact discovery.

In the March 29, 2021 Order, which Raregen correctly points out was directed only to UTC, not Raregen, the Special Master ordered UTC to produce context-related text messages. Up until that Order, UTC had taken the position, like RareGen does here, that it only had to produce text messages that hit directly on search terms. Once the Order was issued, UTC immediately requested that RareGen likewise produce context related text messages. UTC made that request to Raregen the day after the Special Master's March 29, 2021 Order and before the April 2, 2021 end date for fact discovery. See, Exhibit F to Motion. The parties met and conferred, and when the issue could not be resolved, UTC raised it with the Special Master by email on April 15, 2021. The Special Master then issued a briefing schedule, and UTC filed the instant Motion in accordance with that schedule on April 28, 2021.

While it is true that, generally, motions to compel must be filed within the scheduled time for discovery, F.R.C.P. 37 provides no deadline for the filing of a motion to compel. *Altana Pharma AG v. Teva Pharms, USA, Inc.*, 2010 WL 451168, at *2 (D.N.J. Feb. 5, 2010). Every

case is distinguishable, particularly as to discovery matters which are very fact specific. In this particular case, in the interest of fairness to the parties and in light of the prior Order and Opinion on this topic, the Special Master holds that the Motion is not untimely. UTC made the request that is the subject of the instant Motion before the end of fact discovery. Expert discovery is ongoing and there is no trial date. UTC moved promptly to try to resolve the issue with Raregen, and when that did not occur, it promptly raised the issue with the Special Master. There was no undue delay by UTC.

Accordingly, the Special Master holds that RareGen shall produce context-related text messages for each of the messages UTC has identified in Exhibit C to the Motion, including the preceding text message or responding text message, if they exist. If they do not exist, RareGen must so state, and provide an explanation based on information available to it why they do not exist.

To be clear, the Special Master is not re-opening fact discovery or extending the fact discovery end date. Rather, the Special Master is permitting this limited fact discovery to proceed, in fairness to the parties and under the particular circumstances set forth above.

## II.  ORDER

For the foregoing reasons, it is on this 10th day of June 2020,

**ORDERED** that, within ten (10) days, RareGen shall produce context-related text messages for each of the messages UTC has identified in Exhibit C to the Motion, including the preceding text message or responding text message, if they exist. If they do not exist, RareGen must so state, and provide an explanation based on information available to it why they do not exist.

**SO ORDERED**.

   /s/ *Jose L. Linares*

Hon. Jose L. Linares, U.S.D.J. (Ret.)